Gary Charles DE JONG, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20587.

United States Court of Appeals
Ninth Circuit.

July 17, 1967.

Richard G. Harris, John F. Harris, Los Angeles, Cal., for appellant.

John K. Van de Kamp, U. S. Atty., Michael Heuer, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges and SMITH,* District Judge.

RUSSELL E. SMITH, District Judge:

Appellant was tried on a two count indictment charging him with knowingly facilitating the transportation and concealment of marijuana and with knowingly selling the same marijuana, which had been imported into the United States in violation of Title 21 U.S.C. § 176a. He was found guilty on both counts after a jury trial and now appeals from the judgment of conviction.

During the cross-examination of the defendant he was asked whether he had been arrested the previous March. Defendant objected. On the statement of the United States Attorney that the answer would relate to the defense of entrapment, the objection was overruled. It then appeared that defendant had been arrested for burglary and being drunk. The trial judge recognized the impropriety of the cross-examination, and in an effort to undo the damage ordered two questions and answers stricken and admonished the jury to disregard them. This order did not reach far enough because it left unstricken and before the jury the fact of the arrest for burglary and drunkenness.

---

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

Evidence of prior acts of misconduct is not admissible unless in some way relevant to the crime charged,[1] and where entrapment is in issue evidence of prior crimes is not relevant unless it tends to prove that defendant was engaged in illegal operations in some way similar to those charged in the indictment.[2] Proof that a man is a burglar or a drunk does not tend to show that he has dealt in narcotics and was prepared to deal in narcotics at the time of the asserted entrapment. For this reason the judgment is reversed and the cause remanded for a new trial.

CHAMBERS and BARNES, Circuit Judges (specially concurring).

We concur in the reversal of this cause for the reasons stated in Judge SMITH'S opinion.

We find no other error.

---

1. Enriquez v. United States, 9 Cir. 1963, 314 F.2d 703.

2. United States v. Sherman, 2 Cir. 1952, 200 F.2d 880.