**UNITED STATES of America, Appellee,**

v.

**Michael SEGOVIA, Appellant.**

**No. 77–3686.**

United States Court of Appeals,
Ninth Circuit.

June 9, 1978.

James A. Shiner, of Hirsh & Shiner, Tucson, Ariz., for appellant.

**252**

John G. Hawkins, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before CHOY ·and ANDERSON, Circuit Judges, and PALMIERI *, District Judge.

PALMIERI, District Judge.

On September 16, 1977, following a two-day jury trial, appellant Segovia was found guilty on four counts of an indictment charging him with conspiracy to distribute, possession with intent to distribute, and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Segovia did not seriously dispute that he had participated in the illegal transactions; rather, he relied upon a defense of entrapment. Discussion of the two rather simple issues presented by this appeal does not require any preliminary recitation of the evidence developed at trial.

■ Appellant first cites as improper the District Court's allowance over timely objection of certain testimony by government witness Petropolous on direct examination. Agent Petropolous related a telephone conversation in which appellant told him that a scheduled meeting would be delayed because appellant had been "tied up" in arranging for a purchase of several pounds of marijuana by a third party. The Court admitted this testimony as tending to rebut appellant's defense of entrapment. Under Rule 404(b) of the Federal Rules of Evidence evidence of "other crimes, wrongs, or acts" is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Proof of prior illegal conduct may be relevant to the issue of a defendant's predisposition to commit a crime. In this Circuit, "where entrapment is in issue evidence of prior crimes is not relevant unless it tends to prove that defendant was engaged in illegal operations in some way similar to those charged in the indictment." *De Jong*

*v. United States*, 381 F.2d 725, 726 (9th Cir. 1967). The question thus is whether appellant's involvement in the distribution of marijuana is sufficiently similar to the acts charged in the indictment to be relevant to the issue of appellant's predisposition to commit those acts.

■ This Court has permitted the introduction of evidence of a criminal defendant's possession of cocaine to prove intent or knowledge in regard to heroin charges and vice versa. *United States v. Marshall*, 532 F.2d 1279, 1283–84 (9th Cir. 1976); *United States v. Marshall*, 526 F.2d 1349, 1360–61 (9th Cir.), *cert. denied*, 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 376 (1976). Appellant stresses the differences between cocaine and marijuana, pointing to the differentiation in their legislative treatment and to the findings of the National Commission on Marijuana and Drug Abuse. While these are differences which few may dispute or ignore in other contexts, their relevance to the present inquiry is minimal. This Court's statement, albeit by way of dictum, in the recent case of *United States v. Batts*, 573 F.2d 599 (9th Cir., 1978), is instructive:

> Merely because the drugs involved are different does not strip this conduct of its evidentiary value. The past acts of negotiation leading to the distribution of one drug is [are] relevant to show knowledge, motive and intent on the part of appellant to partake in the attempt here to import commercial quantities of yet another drug for the purposes of distribution. The relevant factor is the type of activity undertaken, not the identity of the drugs. 573 F.2d at 603.

When attention is properly directed to the *activities* sought to be introduced into evidence, the probative value of appellant's willingness to arrange for a sale of a significant quantity of marijuana in the context of his entrapment defense in a trial for similar activities involving cocaine cannot

* Hon. Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

be disputed. The District Court was correct in admitting the testimony, and no abuse of discretion appears in his implicit conclusion that the probative value of that evidence outweighed its potential for prejudice.

■ The District Court neither gave nor was requested to give a cautionary instruction to the jury concerning the limited purposes for which the challenged testimony could be considered. While we believe that such an instruction should have been given, its absence in the context of this case did not constitute reversible error. See, e. g., *United States v. Brown,* 562 F.2d 1144, 1148 (9th Cir. 1977).

Appellant's second contention involves certain statements made by a prospective juror in response to the Court's questions on *voir dire,* to wit:

> I don't know whether it is on the subject or not, but I don't believe in jury duty, jury trials. If the guy was guilty enough to be arrested, I think he should—there should be no money wasted on giving him a trial. I don't know whether this would have anything to do with the case or not.

The District Judge summarily dismissed him, stating:

> I think it has this to do with it, if you are sincere in that, and I must assume you are, I don't think you have any business being a juror. Would you step aside, sir.

■ Appellant urges that the District Court's failure *sua sponte* to dismiss the entire panel at this point or to give a "curative instruction" to the remaining members violated his sixth amendment right to a "public trial by an impartial jury." We decline to adopt this view. In the absence of a timely objection, reversal would be justified only by the appearance of a plain error. Fed.R.Crim.P. 52(b). This determination may not be made in a vacuum; rather, the prejudicial nature of the error, if any, must be determined by reference to the whole case. *United States v. Segna,* 555 F.2d 226, 231 (9th Cir. 1977). Our review of the record has satisfied us that, apart from this one incident, the *voir dire* and indeed the trial itself proceeded

smoothly and without any indication of resultant prejudice to appellant.

The only case cited by appellant in which a trial court's failure to dismiss a panel following a remark by a single venireman constituted reversible error involved an obviously inflammatory remark by a prospective juror that the defendant had shot his brother. *State v. Strong,* 119 Ohio App. 31, 196 N.E.2d 801 (1963). In comparison, the possible prejudice resulting here from the prospective juror's unfortunate comments is far too remote and speculative to support a finding of plain error.

The judgment of conviction is affirmed.