UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald Lee BRAMBLE,
Defendant-Appellant.

No. 80–1343.

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 14, 1981.

Submitted Jan. 21, 1981.

Decided March 9, 1981.

B. E. Bergesen, III, Berkeley, Cal., for defendant-appellant.

Joseph Burton, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL and HUG, Circuit Judges, and WILKINS,* District Judge.

MERRILL, Circuit Judge:

Appellant, Ronald Lee Bramble, appeals his conviction of three counts of violating Title 21 U.S.C. § 841(a)(1), for distributing cocaine and possessing cocaine with intent to distribute. He does not dispute the fact that on January 8, 1980, he sold cocaine to one Spaulding, an acquaintance who, unbeknownst to him, was a paid informer for the Drug Enforcement Agency (DEA), and to two DEA agents. His defense was that he had been entrapped; that he had never sold cocaine before and that the sole reason he agreed to sell it on January 8 was to halt Spaulding's unrelenting requests for the drug, made in a series of harassing and upsetting phone calls to appellant over a period of weeks.

Appellant raises three issues on this appeal: (1) that evidence of a prior conviction was improperly admitted; (2) that he did not freely and voluntarily consent to the search of his car and that evidence from that search should therefore have been suppressed; and (3) that an *Allen* charge was improperly given to the jury.

*Prior Conviction*

Appellant contends that it was reversible error for the judge to admit into evidence a 1978 conviction for possession of marijuana. (Appellant had been cultivating 21 marijuana plants in a hot house in his back yard.) He contends that this conviction was irrelevant for the purpose for which it was offered: showing predisposition to sell cocaine. In the alternative, he asserts that even if the prior conviction were relevant, it does not appear on the record that the district court made any determination under Rule 403, Federal Rules of Evidence,[1] as to whether the probative value of the earlier conviction was substantially outweighed by the danger of unfair prejudice.

The government's purpose in offering the earlier offense in evidence was made plain in its argument to the jury. It argued that the possession and cultivation of marijuana gave rise to a rational inference that it was possession for purposes of sale; that from the fact so inferred a rational inference arose that appellant was predisposed to sell cocaine; and that with such predisposition, the entrapment defense collapsed.

■ The rule in this circuit is that "where entrapment is in issue evidence of prior crimes is not relevant unless it tends to prove that defendant was engaged in illegal operations in some way similar to those charged in the indictment." *United States v. Segovia*, 576 F.2d 251, 252 (9th Cir. 1978), quoting *De Jong v. United States*, 381 F.2d 725, 726 (9th Cir. 1967).

■ In the case before us the earlier conviction was for the crime of possession of marijuana. Appellant was not convicted of distribution, nor of possession with intent to distribute. In *Enriquez v. United States*, 314 F.2d 703 (9th Cir. 1963), this court considered the use of a previous drug offense in a subsequent trial for another crime. At page 717, we quoted Dean Wigmore:

"It is at least necessary that prior acts should be similar. Since it is the improbability of a like result being repeated by mere chance that carries probative weight, the essence of this probative effect is the likeness of the instance."

2 Wigmore on Evidence § 302 (3d Ed. 1940). We held in *Enriquez* that possessing marijuana is not a similar offense to selling heroin, and that it was therefore reversible error to admit into evidence an earlier conviction of possession of marijuana for the purpose of proving intent to sell heroin.

---

* Honorable Philip C. Wilkins, Chief United States District Judge of the Eastern District of California, sitting by designation.

1. "EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

It follows that appellant's conviction of possession of marijuana is not probative of his predisposition to sell cocaine.[2]

The question remains whether, from appellant's cultivation of 21 marijuana plants, predisposition can be inferred as argued by the government. The record is barren of any evidence as to the precise amount of usable marijuana appellant's planting would yield, or the amount of marijuana, if any, used by appellant, or by an average user, or the extent of planting necessary for a commercial operation. To some segments of the population these facts might be said to be common knowledge. They are not to the members of this panel, and judicial notice cannot be taken one way or the other as to the purpose of a planting of this size. In absence of evidence that the planting was of commercial quantity, no rational inference can be drawn from the fact of cultivation that it was for the purpose of sale. It was thus error to admit this evidence, and reversal and remand are in order.

If, on new trial, probative value is established, then under Rule 403, Federal Rules of Evidence, the trial judge must engage in the process of weighing on the record the probative value of the marijuana conviction against the danger of unfair prejudice to the appellant. There is nothing in the record to show that the district judge engaged in such a process here.

### The Search

Appellant claims he did not give free and voluntary consent to search the vehicle he was driving immediately prior to his arrest and that evidence from the search, a gun and another package of cocaine, should have been suppressed. Appellant had just been arrested at the time "consent" was given. He was on the floor, face down, handcuffed with his hands behind his back. He was surrounded by two law enforcement officers and guns were pointed at him. A third person (a DEA special agent who had just simulated the "arrest" of the informant, Spaulding, approximately five feet from where appellant lay) picked appellant up and placed him in a chair. The DEA agent received appellant's "consent." Coercion seems apparent.

However, the record indicates that appellant had a pit bulldog in the car and was greatly concerned about its safety. The balance of the cocaine that was the subject of the sale was in the car and this fact was known to all present. There was no question but that probable cause existed for obtaining a search warrant. The officers were prepared to defer search until appellant had been booked and a warrant had been obtained, and to deal with the dog with the assistance of the Society for the Prevention of Cruelty to Animals. Appellant was so informed. He wished to be present when the car was searched in order to avoid the possibility that his dog would be subjected to tranquilizers (which he did not think that the dog, considering its advanced age, could survive) or that the officers might have to shoot the dog should they be attacked. Reading the evidence in the light most favorable to the government, it is apparent that appellant's consent to search was given in order that he might hold the dog while the search took place and thus avoid the need for the officers to proceed to a warrant search in his absence. It does not lie with him now to complain that the search was without warrant. Under these circumstances it was not error to deny appellant's motion to suppress. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

### Allen Charge

In light of our holding with reference to the prior conviction we need not reach the question of the propriety of the *Allen* charge. That question may not arise on new trial.

Reversed and remanded for new trial.

---

**2.** The government argues that the rule should be otherwise where the issue is not criminal intent, as in *Enriquez*, but predisposition to commit a crime. We cannot agree. In both cases no probative purpose is served unless a rational inference can be drawn from the prior act, either that commission of the later act was with criminal intent or that one induced to perform it was predisposed to do so.