892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andres M. MEDINA, Adolph Gonzales Delgado, Defendants-Appellants.
 Nos. 88-1491, 88-1493.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1989.
Decided Dec. 19, 1989.
 
 Before FLETCHER, FERGUSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Adolph Gonzales Delgado and Andres M. Medina appeal from their convictions arising out of a conspiracy to possess cocaine with the intent to distribute it, and the actual possession with intent to distribute that substance. More specifically, Delgado claims that the district court erred when it refused to give an entrapment instruction, and refused to dismiss the indictment for outrageous government conduct. For his part, Medina claims that his case should have been severed from Delgado's, and also objects to the admission of Delgado's testimony regarding a prior drug deal in which he and Medina participated. We affirm.
 
 BACKGROUND FACTS
 
 3
 The offenses for which the appellants were convicted arose out of an almost banally typical drug transaction.
 
 
 4
 Delgado had been using and dealing in drugs for some years. In a series of transactions leading up to the fateful night in question, he had sold cocaine to a Drug Enforcement Administration agent, brought the agent a sample of cocaine, given the agent a kilogram of cocaine for testing, and agreed to supply five kilograms of that substance.
 
 
 5
 On May 7, 1988, Delgado, while under DEA surveillance, went through a series of actions and had a series of contacts with another DEA agent, all of which were designed to culminate in a drug delivery.
 
 
 6
 Medina was with Delgado a good part of the time. Ultimately Delgado left, since, as he said, he was tired of waiting for the goods to appear.
 
 
 7
 Shortly thereafter, Medina drove up and announced "we have the stuff." He then accepted an invitation to look at the money. He did view it, and was then arrested by the waiting agents. Delgado was taken into custody shortly thereafter, when he drove by to see what was happening.
 
 DISCUSSION
 A. Delgado's Appeal
 
 8
 (1) Standard of Review.--In this case we have applied do novo review to the district court's refusal to give an entrapment instruction. See the discussion in United States v. Sotelo-Murillo, No. 85-5291, slip op. 12363, 12373-75 (9th Cir. October 4, 1989).[1] We apply the same standard to the refusal to dismiss for outrageous government conduct. United States v. Bogart, 783 F.2d 1428, 1431 (9th Cir.1986), vacated in part, remanded in part sub nom, United States v. Wingender, 790 F.2d 802 (9th Cir.1986).
 
 
 9
 (2) Entrapment.--The principles that guide our review of the district court's decision to refuse an entrapment instruction are well settled. Basically, the instruction need be given only if the defendant has presented evidence that government agents induced him to commit the acts he was charged with in the indictment, and that he was not predisposed to commit them. See Sotelo-Murillo, No. 85-5291, slip op. at 12372; and United States v. Glassel, 488 F.2d 143, 146 (9th Cir.1973), cert. denied, 416 U.S. 941 94 S.Ct. 1944, 40 L.Ed.2d 292 (1974). Some of the factors to be considered in this context are:
 
 
 10
 [T]he character or reputation of the defendant, including any prior criminal record; whether the suggestion of the criminal activity was initially made by the Government; whether the defendant was engaged in the criminal activity for profit; whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducement or persuasion; and the nature of the inducement or persuasion supplied by the Government.
 
 
 11
 United States v. Reynoso-Ulloa, 548 F.2d 1329, 1336 (9th Cir.1977), cert. denied, 436 U.S. 926, 98 S.Ct. 2820, 56 L.Ed.2d 769 (1978).
 
 
 12
 A review of the evidence presented in this case shows that the district court's refusal to give an entrapment instruction was correct. It is true that the DEA agents did offer Delgado the opportunity to commit this offense, that is the only factor in his favor. He was a long time drug dealer. While he does claim that even if long-time he was also small-time, he testified that he had engaged in a $130,000 marijuana deal on a previous occasion. That is quite substantial. He was doing all of this for profit, and at the very least he threw himself into the offense with gusto. If he showed some reluctance when he was first approached by Bernal-Ruiz, who turned out to be a government informant, that reluctance appeared to have been because he was not sure he could obtain the cocaine in question. He soon resolved that problem with the apparent help of Medina. Delgado does assert that Bernal-Ruiz was an evil man, who had turned him into an addict. He also owed Bernal-Ruiz money. However, Delgado did not testify to any threats regarding this transaction. Delgado did say that Bernal-Ruiz was a large well-connected dealer, but it is interesting to note that Delgado--not Bernal-Ruiz--was the one seeking out and supplying the drugs in this case.
 
 
 13
 In short, Delgado was no shrinking violet. It appears that he was a small dealer in drugs, who saw an opportunity to become a larger dealer. He now seeks to escape the consequences of his actions by claiming that Bernal-Ruiz is the very avatar of evil, and is the person who induced him into a life of crime years ago. Assuming that is true, it in no way shows that Delgado was entrapped. Even fallen angels cannot blame all of their misdeeds on the initial temptation.
 
 
 14
 In short, Delgado has wholly failed to present evidence of entrapment; his predisposition is strikingly apparent.
 
 
 15
 (3) Outrageous Government Conduct.--It is undoubtedly true that government agents can engage in conduct which is so outrageous that it justifies "dismissal of the indictment on due process grounds." United States v. Simpson, 813 F.2d 1462, 1464-65 (9th Cir.), cert. denied, 484 U.S. 898, 108 S.Ct. 233, 98 L.Ed.2d 192 (1987).
 
 
 16
 As we have already noted, Delgado claims that he fell into his present state because Bernal-Ruiz, years before the event, introduced him to cocaine. That introduction led to Delgado's addiction. Were it not for that, he suggests, he would not have been involved in this offense.
 
 
 17
 We note, however, that Delgado's cocaine addiction followed his earlier involvement in an eleven-pound marijuana transaction. In any event, Delgado has not presented a shred of evidence that Bernal-Ruiz was working under the direction of the government when he allegedly turned the defendant into an addict. Even if Bernal-Ruiz had been an occasional paid informant, he was not automatically converted into a full-time agent of the government. See United States v. Busby, 780 F.2d 804, 806-07 (9th Cir.1986). Moreover, there is no evidence that the government in any way encouraged Bernal-Ruiz to tempt Delgado into addiction, and even if the government looked upon Bernal-Ruiz' activity with "passive tolerance," that alone was found to be insufficient in United States v. Simpson, 813 F.2d at 1468.
 
 
 18
 In short, Delgado has not established that the government engaged in outrageous conduct.
 
 B. Medina's Appeal
 
 19
 (1) Standard of Review.--We review the district court's refusal to sever Medina's case from that of Delgado for abuse of discretion. United States v. Burgess, 791 F.2d 676, 678 (9th Cir.1986). We use the same standard to review the district court's admission of evidence of prior misconduct. See United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982).
 
 
 20
 (2) The Motion to Sever.--An appellant bears a heavy burden when he seeks to overturn a district court's denial of a motion to sever. Joint trials are favored, United States v. Armstrong, 621 F.2d 951, 954 (9th Cir.1980), and the mere existence of antagonistic defenses will not by itself mandate a severance, where the defenses are not mutually exclusive. United States v. Ramirez, 710 F.2d 535, 546 (9th Cir.1983). Not only must the defendant show some prejudice, he must show what has been called significant prejudice, United States v. Sherlock, 865 F.2d 1069, 1078 (9th Cir.1989), or manifest prejudice, United States v. Abushi, 682 F.2d 1289, 1296 (9th Cir.1982). It has also been held that the party who seeks severance must show a violation of one of his substantive rights. United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir.1980), cert. denied, 449 U.S. 856, 101 S.Ct. 154, 66 L.Ed.2d 71 (1980). As the court said in Sherlock, 865 F.2d at 1078, "[t]he prime consideration in assessing the prejudicial effect of a joint trial is whether the court may reasonably expect the jury to collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions."
 
 
 21
 Medina has failed to meet these standards. The most he can say is that Delgado's testimony implicated him in the crime. But Delgado was on the witness stand and was subject to cross-examination. Moreover, there was a great deal of other evidence to implicate Medina. Also, while Delgado and Medina had different postures by the time they came to trial, their defenses were not even directly antagonistic. Delgado claimed entrapment, and Medina claimed that he knew nothing about the deal. Whether the jury believed Delgado's entrapment story, or not, it could have believed that Medina was not involved. The fact that the other testimony in the case made Medina's position precarious did not mean that he was entitled to severance. Finally, the jury was not able to agree on a co-defendant and even brought in verdicts against the two appellants at different times. Quite obviously, the jurors were considering each defendant separately.
 
 
 22
 The trial judge did not abuse his discretion.
 
 
 23
 (3) Prior Offense Testimony.--Over Medina's objection, Delgado testified to a prior marijuana transaction in which he and Medina engaged. The district court found that the testimony was admissible. Medina had objected on grounds that the testimony was irrelevant. He now asserts that it was not properly admitted under Federal Rules of Evidence 404(b) and 403.
 
 
 24
 First, there is some doubt that counsel's relevance objection preserved this ground for appeal. The trial judge is generally entitled to have counsel be considerably more specific than that. See 1 Weinstein's Evidence, para. 103, p. 103-23 (1988). See, also, Fed.R.Evid. 103. Perhaps it can be said that the context made the grounds of the objection apparent. As we will show, that is an issue we need not resolve at this time.
 
 
 25
 Second, even assuming that the objection was sufficient to alert the district judge and preserve that ground for appeal, it was not well taken. The evidence was clearly relevant to show knowledge and intent. Medina claimed that despite his presence at the scene, and despite the fact that he was riding about in a vehicle which fairly bristled with packages of cocaine, he had no knowledge that a drug transaction was in progress, and had no intention to participate in it. The fact that he and Delgado had engaged in a prior drug transaction was clearly probative on those points. It also tended to impeach Medina's attempt to present himself as a virtual ingenue, an uninvolved bystander to Delgado's narcotics dealings.[2] The prior sale was not too remote from the transaction in question, and was clearly established by Delgado's testimony. See United States v. Bailleaux, 685 F.2d at 1110. Even though Delgado was a co-conspirator, the standards for admission were met. See United States v. Evans, 697 F.2d 240, 249 (8th Cir.), cert. denied, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983).
 
 
 26
 Finally, the probative value of the evidence far outweighed any untoward prejudice that Medina may have suffered. The evidence went directly to the core of Medina's assertion that he was uninvolved. Of course, the other evidence also showed that assertion to be a pretense.
 
 CONCLUSION
 
 27
 The district court ruled correctly when it denied Medina's request for severance, admitted Delgado's testimony regarding his previous transactions with Medina, refused to instruct on entrapment, and denied the motion to dismiss.
 
 
 28
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is a debate about the appropriate standard of review of a trial judge's decision not to give an entrapment instruction. However, even those who refer to an abuse of discretion test agree that if there is some (even slight) evidence on both prongs of the entrapment defense, the issue should be submitted to the jury. See United States v. Lee, 846 F.2d 531, 536-37 (9th Cir.1988); and United States v. Diggs, 649 F.2d 731, 738 (9th Cir.1981), cert. denied, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981). That being so, there is precious little discretion in any event
 
 
 [2]
 Medina's claim that United States v. Bramble, 641 F.2d 681, 682-83 (9th Cir.1981), cert. denied, 459 U.S. 1072, 103 S.Ct. 493, 74 L.Ed2d 635 (1982), precludes the use of a marijuana dealing prior in a cocaine-dealing case is just plain wrong. Bramble only distinguished marijuana possession from cocaine dealing. In fact, Bramble suggests that if the prior activity of the defendant in that case had shown that he was a dealer, the result would have been different