**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodrigo MENDOZA–REYES,**
**Defendant–Appellant.**

**No. 02–30208.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2003.*

Filed June 17, 2003.

As Amended July 24, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Hugh M. Spall, Attorney at Law, Ellensburg, WA, was on the briefs for the defendant-appellant.

James A. McDevitt, United States Attorney, and Robert A. Ellis, Assistant United States Attorney, Yakima, WA, were on the briefs for the plaintiff-appellee.

Before O'SCANNLAIN, GOULD, Circuit Judges, and BOLTON, District Judge.[**]

## OPINION

PER CURIAM.

Defendant–Appellant Rodrigo Mendoza–Reyes, a Mexican citizen, was convicted by a jury of reentering the United States without permission after having been deported, in violation of 8 U.S.C. § 1326. Mendoza–Reyes asserts three issues on appeal. First, he argues that the District Judge plainly erred by stating during voir dire that the case involved "a person who came back into the country after previously having been deported." Second, he argues that the District Court erred in classifying the Washington state offense of First Degree Unlawful Possession of a Firearm, Revised Code of Washington section 9.41.040(1)(a), as an aggravated felony under 8 U.S.C. § 1101(a)(43). Third, he asserts that his counsel was ineffective for failing to object to the District Court's

[**] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

classification of Revised Code of Washington section 9.41.040(1)(a) as an aggravated felony. We affirm.

## STANDARD OF REVIEW

■ Because Mendoza–Reyes did not object or move for a mistrial, both his challenge to the judge's voir dire statement and his sentencing claim are subject to plain error review. *United States v. Olano*, 507 U.S. 725, 733–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Severino*, 316 F.3d 939, 947 (9th Cir.2003). Plain error exists only in exceptional circumstances when a substantial right of a defendant is affected. *Olano*, 507 U.S. at 733–35, 113 S.Ct. 1770. Whether Mendoza–Reyes received ineffective assistance of counsel is reviewed de novo. *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir.1995).

## DISCUSSION

### I.

■ The District Court did not plainly err in stating during voir dire that the case involved "a person who came back into the country after previously having been deported." The Court's statement was made in the context of determining whether a potential juror could be fair and impartial, and related the charge made in the indictment:

> The Court: [I]n this case the issue is, as I've indicated, I read you the indictment—
> Potential Juror: Yes, illegal immigration.
> The Court: Something of that nature, yes. Let me just be specific, rather than vague. This is a person who came back into the country after previously having been deported.

The Court's reference to the indictment demonstrates that the statement in question simply restated the charges against the defendant, and was not a comment on the evidence against him; it was not so inherently prejudicial that is must have deprived Mendoza-Reyes of a fair trail. *See United States v. Johnson*, 990 F.2d 1129, 1133 (9th Cir.1993); *Maiden v. Johnson*, 35 F.3d 477, 482-83 (9th Cir.1994); *United States v. Milner*, 962 F.2d 908, 911–12 (9th Cir.1992). Moreover, if any juror had the impression that the Court was commenting on the evidence, such an impression would have been corrected by the Court's multiple instructions relating to the burden of proof, the presumption of innocence, and the jury's duties. *Johnson*, 990 F.2d at 1133; *Maiden*, 35 F.3d at 482-83.

### II.

Mendoza–Reyes also argues that the District Court erred in categorizing the Washington state offense of First Degree Unlawful Possession of a Firearm, Revised Code of Washington section 9.41.040(1)(a), as an aggravated felony. We disagree.

■ In determining whether an offense qualifies as an aggravated felony, this Court begins by making a categorical comparison between the state statute of conviction and the relevant definition of an aggravated felony in 8 U.S.C. § 1101(a)(43). *See generally Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *see also Randhawa v. Ashcroft*, 298 F.3d 1148, 1152 (9th Cir.2002). If the full range of conduct covered by the statute of conviction falls within the meaning of an aggravated felony under 8 U.S.C. § 1101(a)(43), then the state offense will qualify as a "categorical match" and will be considered an aggravated felony. *Randhawa*, 298 F.3d at 1152.

The state statute of conviction at issue in this case, Revised Code of Washington section 9.41.040(1)(a), provides:

> A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having been convicted in this state or elsewhere of any serious offense as defined in this chapter.

WASH. REV. CODE § 9.41.040(1)(a). In comparison, 8 U.S.C. § 1101(a)(43)(E) pro-

**1122**

vides that the term "aggravated felony" encompasses offenses described in 18 U.S.C. § 922(g)(1). *See* 8 U.S.C. § 1101(a)(43)(E)(ii). 18 U.S.C. § 922(g)(1) provides:

> g) It shall be unlawful for any person—
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> . . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

■ We conclude that Revised Code of Washington section 9.41.040(1)(a) addresses the full range of conduct described in 18 U.S.C. § 922(g)(1) and referenced in 8 U.S.C. § 1101(a)(43)(E)(ii). Pursuant to Revised Code of Washington section 9.41.040(1)(a), it is unlawful for a person convicted of a "serious offense" to possess a firearm. The definition of "serious offense" exclusively includes crimes punishable by a term of imprisonment exceeding one year. *See* WASH. REV. CODE §§ 9.41.040(1)(a), 9.41.010(12), 9A.20.02, 9A.04.040. Likewise, the definition of aggravated felony provided in 8 U.S.C. § 1101(a)(43)(E)(ii) includes offenses described in 18 U.S.C. § 922(g)(1). 18 U.S.C. § 922(g)(1) makes it unlawful for a person convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm. Because both the state statute and its federal counterpart address possession of a firearm by a person convicted of a crime punishable by a term of imprisonment exceeding one year, we hold that Mendoza–Reyes' conviction for violating Revised Code of Washington section 9.41.040(1)(a) qualifies as an aggravated felony under 8 U.S.C.

§ 1101(a)(43)(E)(ii). *See Taylor,* 495 U.S. at 599–602, 110 S.Ct. 2143; *Randhawa,* 298 F.3d at 1154.

### III.

Mendoza–Reyes was properly sentenced as an aggravated felon. Because Mendoza–Reyes was properly sentenced, he cannot establish that his counsel was ineffective for failing to object to the District Court's classification of Revised Code of Washington section 9.41.040(1)(a). We therefore reject his ineffective assistance of counsel claim. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.