**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Barry Francis NISELY, Defendant—
Appellant.**

No. 05–50248.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Feb. 9, 2006.

Filed Feb. 24, 2006.

Wesley L. Hsu, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Nadine C. Hettle, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Barry Francis Nisely ("Nisely") appeals his conviction for use of a facility of interstate commerce to attempt to induce a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). Specifically, Nisely contends that: (1) his conviction should be vacated because the district court declined to dismiss for cause an allegedly biased juror; and (2) his terms of supervised release should be vacated because they involve a greater deprivation of liberty than is reasonably necessary. We affirm Nisely's conviction, and agree with the parties' stipulation that the terms of supervised release were intended to include an exception for prior probation officer approval. The facts are known to the parties and are not recited here.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. We review the district court's decision not to excuse Juror Armstrong for plain error because Nisely failed to renew his objection after Juror Armstrong stated that he could serve impartially. *See United States v. Mendoza–Reyes,* 331 F.3d 1119, 1121 (9th Cir.2003), *cert. denied,* 540 U.S. 925, 124 S.Ct. 332, 157 L.Ed.2d 226 (2003).

■ Juror Armstrong clearly and unequivocally repudiated his initial statement of bias. Accordingly, the district judge did not plainly err by declining to dismiss Juror Armstrong for cause. *See Image Tech. Servs., Inc. v. Eastman Kodak Co.,* 125 F.3d 1195, 1220 (9th Cir.1997) (stating that a "juror's initial impressions or initial bias may be irrelevant, at the trial judge's discretion, when that juror commits to lay aside those feelings and reach a verdict based on the evidence presented and the court's instructions"); *see also United States v. Gonzalez,* 214 F.3d 1109, 1112 n. 3 (9th Cir.2000) (stating that "this court accords significant weight to a juror's definitive statement that he can serve impartially").

■ Nisely also asserts that conditions of supervised release 10 and 11 involve a greater deprivation of liberty than is reasonably necessary in violation of 18 U.S.C. § 3583(d)(2).[1] He suggests that the conditions are unmodifiable because they are not subject to the prior approval of the probation officer. Accordingly, he avers that the conditions are overbroad because they prohibit him: (1) from using the Internet for anything other than employment; and (2) from using the Internet for any purpose within his home.

At argument, the parties stipulated that conditions 10 and 11 should be interpreted to include the following exception: "Except with prior approval of the Probation Officer...." We believe that the district court intended conditions 10 and 11 to include such an exception. Accordingly, we conclude that the conditions do not involve a greater deprivation than is reasonably necessary. *See United States v. Rearden,* 349 F.3d 608, 621 (9th Cir.2003) (upholding condition of supervised release that prohibited any Internet access without prior probation officer approval); *United States v. Antelope,* 395 F.3d 1128, 1142 (9th Cir.2005) (same).

The judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Nisely waived his vagueness challenge to the term "relates to" in condition 9 by failing to raise it in his opening brief. *See Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 726 (9th Cir.1992).