

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10118 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01406-SRB-3 |
| v. | |
| BRANDON HULLABY, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10170 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01406-SRB-3 |
| v. | |
| BRANDON HULLABY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted March 11, 2013
Withdrawn From Submission

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WALLACE, McKEOWN, and IKUTA, Circuit Judges.

Hullaby appeals from his judgment of conviction for conspiracy to possess with intent to distribute more than five kilograms of cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) and possession of a firearm in furtherance of the conspiracy under 18 U.S.C. § 924(c)(1)(A)(i). We address Hullaby's contention that the government engaged in outrageous conduct in an opinion filed concurrently with this memorandum disposition. *See United States v. Hullaby*, – F.3d — (9th Cir. 2013). Here, we consider his remaining claims.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because there was no evidence that Hullaby communicated his alleged intent to withdraw from the conspiracy, and because the gun crime had already been fully committed by the time Hullaby purports to have withdrawn, the district court did not err in rejecting Hullaby's withdrawal instruction. *See, e.g.*, *United States v. Smith*, 623 F.2d 627, 631 (9th Cir. 1980) (explaining that "[w]ithdrawal from a conspiracy requires a disavowal of the conspiracy or an affirmative action that would have defeated the purpose of the conspiracy, or 'definite, decisive and positive' steps to show that the conspirator's disassociation from the conspiracy is

2

sufficient") (citation omitted); *see also United States v. Loya*, 807 F.2d 1483, 1493 (9th Cir. 1987).

The district court did not commit plain error in rejecting Hullaby's contention that the indictment was insufficient, because Hullaby was not prejudiced by the purported error in the indictment. The indictment cited the statutory section, providing notice of the elements of the crime, and the jury was properly instructed on those elements. *See United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007).

The jury instructions and verdict form did not constructively amend the indictment because Hullaby was convicted of possessing a weapon in furtherance of the conspiracy, and the grand jury's indictment charged that Hullaby used, carried, and possessed a weapon in furtherance. Hullaby therefore was not "convicted on the basis of *different behavior* than that alleged in the original indictment." *United States v. Hartz*, 458 F.3d 1011, 1021 (9th Cir. 2006).

The district court did not abuse its discretion when it admitted Hullaby's statement that he was involved with dealing marijuana in 2003 because corroboration was not necessary, *see United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994); the six-year gap between the marijuana dealing and the charged offense was not categorically too long, *see United States v. Iverson*, 162 F.3d 1015,

3

1027 (9th Cir. 1998); and the marijuana dealing was relevant because the charged offense involved drugs. *United States v. Segovia*, 576 F.2d 251, 252–53 (9th Cir. 1978). Further, admission of the evidence was not unfairly prejudicial under Fed. R. Evid. 403 because Hullaby put his character in play by arguing entrapment. *See United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). The evidence was probative of predisposition, and the district court took steps to limit its prejudicial impact by issuing a limiting instruction. *See United States v. Higuera-Llamos*, 574 F.3d 1206, 1210 (9th Cir. 2009).

The district court did not err in rejecting Hullaby's sentencing entrapment argument, because there was "no evidence of the type of reluctance and inducement present in cases where we have found sentencing entrapment." *United States v. Biao Huang*, 687 F.3d 1197, 1204 (9th Cir. 2012); *see also United States v. Yuman-Hernandez*, 712 F.3d 471, 475–76 (9th Cir. 2013). The district court reasonably determined that the amount of cocaine at issue was set above the amount that would trigger a mandatory minimum sentence in order to have a high enough value to interest the conspirators, not to enhance the sentence artificially.

Because we hold there was no error committed by the district court, there is *a fortiori* no cumulative error. *See United States v. Romo-Chavez*, 681 F.3d 955, 962 (9th Cir. 2012).

Hullaby's remaining contentions, including his claim that the application of statutory minimum sentences violates both the Eighth Amendment and the separation of powers, are rejected. *See United States v. Major*, 676 F.3d 803, 811–12 (9th Cir. 2012). We also reject Hullaby's claim that the fact of his prior conviction should have been found by a jury. *Harris v. United States*, 536 U.S. 545, 550 (2002); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (expressly retaining this exception).

**AFFIRMED**.