NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1242 |
| Plaintiff-Appellee, | D.C. No. 1:22-cr-00102-DLC-1 |
| v. | |
| MARK SAMUEL BAKER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 3, 2024[**]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Appellant Mark Samuel Baker ("Baker") appeals his jury conviction for

attempted sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a) and

1594(a). We presume the parties' familiarity with the facts and discuss them only

as necessary for context. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

affirm.

1. Baker first argues there is insufficient evidence to sustain his conviction. The court reviews the sufficiency of the evidence de novo, viewing "the evidence in the light most favorable to the prosecution and ask[ing] whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 980–81 (9th Cir. 2020) (alterations in original) (quoting *United States v. Grovo*, 826 F.3d 1207, 1213–14 (9th Cir. 2016)).

For the jury to convict Baker of attempted sex trafficking of a minor under 18 U.S.C. §§ 1591(a) and 1594(a), the Government needed to establish that Baker knowingly attempted to solicit a person for commercial sex in or affecting interstate commerce, and that he knew or was in reckless disregard of the fact that person was a minor. Model Crim. Jury Instr. 9th Cir. 20.25 (2024); Model Crim. Jury Instr. 9th Cir. 4.4 (2024).

Baker contends the Government failed to prove he knew or was in reckless disregard of the persona's minor status.[1] The question is whether a rational trier of

---

[1] This case arose from Baker's attempt to procure commercial sex on the Internet. Baker found and messaged a profile that purported to be an eighteen-year-old female, but was in fact, a profile run by law enforcement. This profile is referred to as a "persona." During Baker's communications with the persona, she sent him multiple messages which indicated she was underage. Baker arranged to meet the persona for sex and when he arrived at the meeting location, he was arrested.

fact could find Baker knew or was in reckless disregard of the fact that the persona was a minor viewing "the evidence in the light most favorable to the prosecution." *Tuan Ngoc Luong*, 965 F.3d at 980–81. Here, a rational trier of fact could find Baker knew the persona was a minor. First, the persona told Baker, "I'm almost 16 if ur cool w that." Second, the persona asked Baker, "Are u okay if I'm not 18?" Third, the persona told Baker, "Can't drive bC my age[.]" And fourth, the persona sent Baker a picture of a young-looking female.[2] This evidence is sufficient to support the jury's finding that Baker knew or recklessly disregarded that the persona was under 18 years of age. *See United States v. Brooks*, 610 F.3d 1186, 1197 (9th Cir. 2010) (finding evidence sufficient to support knowing element where minor victim told defendant she was underage, and the jury could see the victim's appearance during trial).

2. Baker next argues that the district court erred by (1) not sua sponte declaring a mistrial and (2) failing to provide a curative instruction to the venire after a juror outburst during voir dire. Because Baker did not object below, we review the district court's failure to declare a mistrial or provide curative instructions for plain error. *Greer v. United States*, 593 U.S. 503, 507 (2021).

---

[2] Baker argues that this fact is exculpatory because the woman in the photo was in fact 19 or 20 years old. But viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the woman appeared to be under 18 notwithstanding her actual age.

Under plain error review, the appellant must show (1) the district court erred, (2) the error was plain, (3) the plain error affected his substantial rights, meaning there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id*. at 507–08 (internal citation and quotation marks omitted). If the appellant satisfies these prongs, we may only grant relief if we conclude that "the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 508 (internal citation and quotation marks omitted).

Absent a defendant's motion, a trial judge may only declare a mistrial upon "manifest necessity," which requires "a scrupulous exercise of judicial discretion [leading] to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." *United States v. Jorn*, 400 U.S. 470, 485 (1971). In the instant case, this would require the prospective juror's outburst to have caused a structural error, impairing the overall fairness of the proceedings by tainting the impaneled jury and biasing them against Baker. *See Mach v. Stewart*, 137 F.3d 630, 633–34 (9th Cir. 1997) (noting a potential juror's statements during voir dire "arguably" amounted to structural error).

There is no such taint here. After the prospective juror's outburst, the district court immediately dismissed the prospective juror and then, once a jury was impaneled, provided preliminary instructions to the jury. Apart from this

4

single incident, the voir dire and the trial itself proceeded smoothly and without any indication of prejudice against Baker. Accordingly, the district court did not err in failing to sua sponte declare a mistrial. *See United States v. Segovia*, 576 F.2d 251, 253 (9th Cir. 1978) (finding the district court did not err in failing to sua sponte declare a mistrial when, apart from a potential juror's single comment during voir dire, "the voir dire and indeed the trial itself proceeded smoothly and without any indication of resultant prejudice to [defendant].").

Even if the prospective juror's outburst tainted the venire in some way, the district court did not err in failing to provide a specific curative instruction to the venire. While the district court did not immediately instruct the venire after the outburst, the district court did provide preliminary instructions to the impaneled jurors that effected the same end. The district court instructed the jury, *inter alia*, that they must weigh and evaluate all the evidence received in the case, that Baker was presumed innocent, that they must keep an open mind throughout the trial, and that only sworn witness testimony, exhibits received in evidence, and facts which the parties agree upon constitute evidence. Juries are presumed to follow a court's instructions, *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011), and the district court's preliminary instructions were sufficient to cure any taint from the prospective juror's outburst, *cf. United States v. Mendoza-Reyes*, 331 F.3d 1119, 1121 (9th Cir. 2003) ("[I]f any juror had the impression that the Court was

5

commenting on the evidence, such an impression would have been corrected by the Court's multiple instructions relating to the burden of proof, the presumption of innocence, and the jury's duties.").

Accordingly, Baker has not shown that the district court erred in failing to provide a specific curative instruction to the venire after the prospective juror's outburst.[3]

**AFFIRMED**.

---

[3] Because Baker failed to show that the district court erred by failing to sua sponte declare a mistrial or by failing to provide a curative instruction, we need not reach the remaining prongs of plain error review.