**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 11, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60420

_____

ABUBAKER ALI IBRAHIM

Petitioner

v.

JOHN ASHCROFT, U. S. ATTORNEY GENERAL

Respondent.


--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
--------------------


Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge:

Abubaker Ali Ibrahim ("Ibrahim"), a citizen of Nigeria and a permanent resident of the United States, was ordered removed from the United States by a final order of the Board of Immigration Appeals ("BIA") on account of a 1987 conviction for possession of stolen mail and a 1990 conviction for forgery. In response, he petitions for review of a final order dismissing the appeal from the Immigration Judge's order denying his applications for asylum

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

and withholding of deportation under § 208(a) and § 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158, issued by the BIA. In response, Ibrahim filed a petition for review of his BIA removal order in this court, challenging the BIA's determination that Ibrahim is removable as an aggravated felon based on his 1986 conviction for possession of stolen mail. Ibrahim argues that his conviction for possession of stolen mail under 18 U.S.C. § 1708 is not a "theft offense" as defined by section 101(a)(43)(G) of the Act. We reject this argument, and we therefore dismiss his petition for review.

Under the transitional rules promulgated under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996[2] (the "IIRIRA"), Pub. L. 104-208, 110 Stat. 3009, we have no jurisdiction to consider appeals from final orders of deportation that are issued "by reason of [an alien] having committed an

_____

[2] Title III-A of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Sections 301-09, Pub. L. 104-208, 110 Stat. 3009 revises the procedure for removal of aliens, including the provisions relating to judicial review. IIRIRA, Section 306(b). Title III-A provisions' effective date is April 1, 1997. Section 309(a) provides that Title III-A, and the amendments therein, generally "shall take effect on the first day of the first month beginning more than 180 days after the date of the enactment of this Act. . . ." As IIRIRA was enacted on September 30, 1996, the Title III-A provisions, except where otherwise indicated in IIRIRA, became effective on April 1, 1997.

The IIRIRA, section 309(c) provides for transitional rules for aliens who are in exclusion or deportation proceedings before April 1, 1997. These rules apply to aliens whose final administrative orders of exclusion or deportation are entered on or after October 31, 1996. IIRIRA, section 309(c)(4). These transitional rules apply to Ibrahim's case because his Issuance to Show Cause was issued on February 11, 1997 and the Board's Final Deportation Order was issued on April 14, 2003.

[theft and forgery] offense covered in [S]ection 212(a)(2)."
IIRIRA §309(c)(4)(G). We may, however, consider whether
Ibrahim's conviction for "possession of stolen mail" is a theft
offense as defined by 101(a)(43)(G) of the Act.

I.

Ibrahim is a native and citizen of Nigeria. He came to the
United States in 1981. On September 20, 1984, Ibrahim became a
lawful permanent resident of the United States. On May 5, 1987,
he was convicted in the United States District Court for the
Southern District of Texas, of the offense of "possession of
stolen mail," in violation of 18 U.S.C. § 1708, committed on or
about March 1986. He was sentenced to a two-year term of
imprisonment for this offense. On August 10, 1990, he was
convicted in the 230th District Court of Harris County, Texas,
for the offense of "forgery," committed on or about March 28,
1990. He was sentenced to a three-year term of imprisonment for
this offense. On January 31, 1997, he was convicted in the
Superior Court of Washington for King County, Washington, for the
offense of "theft in the second degree," in violation of RCW 9A
56 040 1A, committed on or about July 30, 1996.

On August 4, 1997, the Immigration and Naturalization
Service ("INS") served an amended Order to Show Cause on Ibrahim,
charging him with being subject to deportation pursuant to INA §
241 (a)(2)(A)(ii), 8 U.S.C. 1251 (a)(2)(A)(ii) (1996), as an

3

alien who, at any time after entry, has been convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct. On March 19, 1998, an immigration judge found Ibrahim deportable as charged, denied his applications for INA § 212(c) relief, asylum and witholding of deportation, and ordered him deported to Germany. On August 3, 1999, the BIA issued a decision finding Ibrahim statutorily ineligible for INA § 212(c) relief and asylum, but finding that the immigration judge erred in pretermitting Ibrahim's application for withholding of deportation. Thus, the Board ordered Ibrahim's case remanded to the immigration judge for a full hearing on his application for that relief, and noting that the immigration judge was to first determine whether Ibrahim had been convicted of a particularly serious crime prior to ruling on the application for withholding. On January 21, 2000, the immigration judge issued an oral decision in which he found Ibrahim ineligible for withholding of deportation because his conviction constituted particularly serious crimes. The immigration judge also found that Ibrahim failed to show that it was more likely than not that he would be tortured if he returned to Nigeria, and, consequently, denied deferral of removal under Article III of the Convention Against Torture. Thereafter, the immigration judge ordered Ibrahim deported to Nigeria.

On April 14, 2003, the Board dismissed Ibrahim's appeal. In

4

its decision, the Board found Ibrahim ineligible for a waiver under INA § 212 (c) based on the Supreme Court's decision in INS v. Cyr, 533 U.S. 289 (2001). Additionally, the Board affirmed the immigration judge's finding that Ibrahim's conviction for possession of stolen mail in violation of 18 U.S.C. § 1708 is a "theft offense (including receipt of stolen property)" so as to constitute an aggravated felony as defined in section 101(a)(43)(G)of the Act, 8 U.S.C. § 1101(a) (43) (G).

The Board rejected Ibrahim's contention that "receipt of stolen property" was not akin to "possession of stolen property" based on its precedent in Matter of Bahta, 22 I. & N Dec. 1381 (BIA 2000). The Board found that Ibrahim's convictions constituted aggravated felonies for which he received an aggregate term of imprisonment of at least five years. As such, the Board affirmed the immigration judge's finding that Ibrahim could not apply for withholding of deportation. This petition for review followed.

II. Standard of Review and Jurisdiction

The issue to be decided is whether this court has jurisdiction to consider the claims presented in Ibrahim's petition for direct review of the BIA's final order of removal. The IIRIRA deprives us of jurisdiction to hear petitions for review filed by aliens who are deportable for having been convicted of an aggravated felony. See 8 U.S.C. § 1252(a)(1) and

5

(b) ("notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" including those covered by 8 U.S.C. § 1227(a)(2)(A)(iii)(aggravated felony)); Florez-Garza v. Ashcroft, 328 F.3d 797,801 (5th Cir. 2003); Jobson v. Ashcroft, 326 F.3d 367, 371 (2d Cir. 2003); Randhawa v. Ashcroft, 298 F.3d 1148, 1151 (9th Cir. 2002). We retain jurisdiction, however, to determine whether IIRIRA's jurisdictional bar applies. Florez-Garza, 328 F.3d 797 at 801-02; Gousse v. Ashcroft, No. 02-4192, 2003 U.S. App. LEXIS 16056 at *8 (2d Cir. Aug. 6, 2003); Ming Lam Sui v. INS, 250 F.3d 105, 110 (2d Cir. 2001). We have jurisdiction to review jurisdictional facts and to determine the proper scope of our own jurisdiction. Florez-Garza, 328 F.3d at 802; Gousse, 2003 U.S. App. at *8; Ming Lam Sui, 250 F.3d at 110.

Specifically, to determine whether we are precluded from reviewing this petition, we must inquire, first whether Ibrahim is an alien and then, if he is, whether he is removable for having committed a crime covered by 8 U.S.C. § 1252(a)(2)(A)(iii).[3] Because we must review whether Ibrahim's offense qualifies as an aggravated felony, the jurisdictional inquiry and the analysis on the merits merge. The BIA's interpretation of the INA is, however, subject to established

_____

[3] It is undisputed that Ibrahim is a citizen of Nigeria and thus an alien of the United States.

6

principles of deference.  <u>United States v. Aguirre-Aguirre</u>, 526 U.S. 415, 424-25 (1999).

## III. DISCUSSION

In this appeal, Ibrahim seeks review regarding whether or not Petitioner's convictions are of a nature that would ultimately preclude jurisdiction in this court.[4]  While Ibrahim fails to advance any specific argument as to why his theft and forgery offenses are not aggravated felonies under INA § 241(a)(2)(A)(iii) as defined at INA § 1101(a)(43)(G) and (R)[5], we will address the argument he made before the BIA - that Ibrahim's conviction for "possession of stolen goods" is not akin to "receipt of stolen goods" as defined by INA § 1101(a)(43)(G).

Ibrahim was convicted of possession of stolen mail in violation of Title 18 U.S.C. § 1708.  We hold that a conviction obtained under § 1708 is categorically a "theft offense" – and therefore an aggravated felony – within the meaning of 8 U.S.C. §

---

[4] Section 309(c)(4) of the IIRIRA states:

> [T]here shall be no appeal permitted in the case of an alien who is inadmissible . . . by reason of having committed a criminal offense covered in [S]ection 212(a)(2) . . .

[5] That statute states:

> (43) The term "aggravated felony" means –
> . . . (G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at [*sic*] least one year
> . . .(R) an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which the term of imprisonment is at least one year.

7

1101(a)(43)(G).

The BIA found Ibrahim deportable because his conviction for possession of stolen mail was a "theft offense" as defined by 8 U.S.C. 1101(a)(43)(G). In determining whether an offense qualifies as an aggravated felony, we look to the statute under which the person was convicted and compare its elements to the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43). See Taylor v. United States, 495 U.S. 575, 602, 109 L.Ed. 2d 607, 110 S.Ct. 2143 (1990); Randhawa, 298 F.3d at 1152; United States v. Corona-Sanchez, 291 F.3d 1201, 1205 (9th Cir. 2002). We must therefore determine whether "possession of stolen mail" is a "theft offense" and thus an aggravated felony under the 8 U.S.C. § 1101(a)(43).

In our determination, we apply the categorical approach. Gousse, 2003 U.S. App. at *9-10; Randhawa 298 F.3d at 1152. The categorical approach analysis asks whether the statutory definition of the offense of conviction is any broader than an offense defined as an "aggravated felony" under federal law. Gousse, 2003 U.S. App. LEXIS 16056 at *10. See Jobson, 326 F.3d at 371-72 (applying categorical approach to determining whether offense is removable "crime of violence" under 18 U.S.C. §§ 16); Dalton v. Ashcroft, 257 F.3d 200, 204 (2d Cir. 2001)(same); Ming Lam Sui, 250 F.3d at 109, 116-18 (applying categorical approach to whether offense is a removable offense that "involves fraud or deceit in which the loss to . . . victims exceeds $ 10,000" under

8

8 U.S.C. §§ 1101(a)(43)(M)(i)); Michel v. INS, 206 F.3d 253, 263 (2d Cir. 2000) (applying categorical approach to whether offense is crime involving "moral turpitude" under 8 U.S.C. §§ 1227(a)(2)(A)(ii)). Unless the offense of conviction is broader, the petitioner has committed an "aggravated felony" irrespective of the particular circumstances of his crime. Gousse, 2003 U.S. App. at *10 See, also, Sui, 250 F.3d at 116.

Congress did not define the term "theft offense" in 8 U.S.C. 1101(a)(43)(G). Thus, under Taylor, we must construe and define the meaning of the phrase. Corona-Sanchez, 291 F.3d at 1204. Other circuits have considered this issue and this Court finds their conclusions persuasive.

The Seventh, Ninth and Tenth Circuits have adopted a generic definition of "theft offense" in the context of 8 U.S.C. 1101(a)(43)(G). That definition reads:

> [A theft offense] is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.

Corona-Sanchez,291 F.3d at 1205 (quoting Hernandez-Mancilla v. INS, 246 F.3d 1002, 1009 (7th Cir. 2001), see also United States v. Vasquez-Flores, 265 F.3d 1122, 1125 (10th Cir. 2001). Relying on the Seventh Circuit's determination that this "definition is closer to the 'the generic sense in which the term is now used in the criminal codes of most states' and as 'envisioned by the

9

Supreme Court,'" the Ninth and Tenth Circuits adopted this definition.[6] <u>Corona-Sanchez</u>, 291 F.3d at 1205. This Court recognizes the desirability of a uniform national definition as suggested by the Supreme Court in <u>Taylor</u>. <u>Id.</u> As such, we also adopt the Seventh Circuit's construction.

Having adopted a definition of "theft offense," we continue our categorical inquiry by looking to the statute under which Ibrahim was convicted. <u>Randhawa</u>,298 F.3d at 1153. The Ninth Circuit considered this very issue and we agree with their determination that a conviction under 18 U.S.C. § 1708 facially qualifies as a conviction for a theft offense (and thus an aggravated felony) because that statute criminalizes only that conduct that fits within <u>Corona-Sanchez's</u> [our] definition of a theft offense." <u>Id.</u> Title 18 U.S.C. § 1708 provides as follows:

> Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such

---

[6] This definition is also consistent with the BIA's determination that:

> the reference to "receipt of stolen property" in section 1101(a)(43)(G) of the INA was intended in a generic sense to include the category of offenses involving knowing receipt, possession, or retention of property from its rightful owner.

<u>Matter of Bahta</u>, 22 I.& N. Dec.at *23-24.

10

letter, postal card, package, bag, or mail, or any article or thing contained therein; or

Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted --

Shall be fined under this title or imprisoned not more than five years, or both.

Both 18 U.S.C. § 1708 and our definition require a showing that a defendant knowingly possess stolen mail. <u>Randhawa</u>, 298 F.3d at 1153-54 . As such, we agree with the Ninth Circuit that § 1708 is no more broad on its face than our settled definition of a "theft offense." <u>Id.</u> at 1154.

Accordingly, because we are without jurisdiction to consider Ibrahim's petition, respondent's motion to dismiss petition for lack of jurisdiction is GRANTED and the petition is DISMISSED.

Further, respondent's alternative motion for an extension of sixty (60) days after disposition of motion to dismiss petition in which to file the administrative record is DENIED as MOOT.

11