# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 6, 2007**

Charles R. Fulbruge III
Clerk

No. 05-60459

ADEDIPUPO FELIX ADENODI

Petitioner

v.

ALBERTO GONZALES

Respondent

Petition For Review of an Order
of the Board of Immigration Appeals
A29-980-092

Before DEMOSS, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Adedipupo Felix Adenodi petitions this court for a review of a removal order on two grounds. First, he argues that his convicted offense cannot be considered an "aggravated felony." Second, he argues that he should be considered a United States national. We reject both grounds and therefore DENY his petition.

---

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Adenodi, a native and citizen of Nigeria, adjusted his status in 1993 to that of a lawful permanent resident. In 2003, a jury in the United States District Court for the Eastern District of Louisiana convicted petitioner on three counts of (1) conspiracy to alter and remove motor vehicle identification numbers, 18 U.S.C. § 511, to commit mail fraud, 18 U.S.C. § 1341, and to receive and sell stolen vehicles that had crossed state boundaries after being stolen, 18 U.S.C. § 2313(a), in violation of 18 U.S.C. § 371; (2) mail fraud, 18 U.S.C. §§ 1341-1342; and (3) receiving, possessing, concealing, storing, bartering, selling and disposing of a stolen motor vehicle, 18 U.S.C. §§ 2313(a). He was sentenced to a 24-month imprisonment. On May 28, 2004, Adenodi was served with a Notice to Appear ("NTA") at the location of his detention and was subjected to removal proceedings based on his 2003 conviction.

At a hearing before the Immigration Judge ("IJ"), Adenodi denied the charges but admitted the factual allegations in the NTA. Adenodi argued that the Government had failed to prove that he had been convicted of conspiracy to commit a theft offense that merited treatment as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). The IJ determined that Adenodi had been convicted of a theft offense as defined in § 1101(a)(43)(G) because "the parenthetical expression [defining a 'theft offense' to include the receipt of stolen property] was not limiting," but rather encompassed the conduct set forth in § 2313(a) in its entirety. The IJ concluded that Adenodi's offense involved the "knowing handling of stolen property with the intent to deprive the rightful owner of the benefit of the property" and that the Government had proven by clear and convincing evidence that Adenodi had conspired to commit a theft offense as defined by § 1101(a)(43)(G). The IJ found Adenodi removable as charged and ordered Adenodi removed to Nigeria. Adenodi appealed to the Board of Immigration Appeals ("BIA"). In his brief on appeal, Adenodi again argued that

2

the Government had failed to prove by clear and convincing evidence that he had been convicted of conspiracy to commit a theft offense that merited treatment as an aggravated felony under § 1101(a)(43)(G).

On April 29, 2005, the BIA dismissed Adenodi's appeal. Citing its ruling in Matter of Bahta, 22 I. & N. Dec. 1381, 1391 (BIA 2000), the BIA noted that it had previously determined that the parenthetical reference to "receipt of stolen property" in § 1101(a)(43)(G) was intended "in a generic sense to include the category of offenses involving knowing receipt, possession, or retention of property from its rightful owner." The BIA reasoned that a person who holds or disposes of property in the manner described in § 2313(a), knowing that the property had been stolen, had "necessarily received, possessed or retained property from its rightful owner" and had committed the generic offense of receipt of stolen property under § 1101(a)(43)(G). The BIA concluded that, because a violation of § 2313(a) constituted an aggravated felony under § 1101(a)(43)(G), Adenodi's conviction for conspiracy to violate § 2313(a) constituted an aggravated felony under § 1101(a)(43)(U).

On May 23, 2005, Adenodi filed a timely pro se petition for review in this court in which he renewed his argument that the Government had failed to prove by clear and convincing evidence that he had been convicted of a theft offense under § 1101(a)(43)(G).

On April 22, 2005, Adenodi filed a pro se 28 U.S.C. § 2241 petition in the Western District of Texas, in which he argued that he was not subject to removal as a United States national. In support of his claim, Adenodi argued that he had applied for United States citizenship in 1999, was interviewed, was tested on January 6, 2003, and owed permanent allegiance to the United States because the United States had been his lawful domicile for over 20 years and because he was married and had four children who were United States citizens. The

District Court for the Western District of Texas transferred Adenodi's § 2241 petition to this court as a petition for review pursuant to the Real ID Act, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (2005).

## Discussion

On appeal, Adenodi presents two issues: 1) whether the IJ and the BIA were in error in finding that petitioner was convicted of an aggravated felony and 2) whether he is a national of the United States and therefore not removable.

1. Petitioner's conviction is considered an "aggravated felony"[2]

We review questions of law regarding the aggravated-felony definition de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

The BIA based its order of removal on the petitioner's conviction "of the offense of conspiracy to violate 18 U.S.C. § 2313."[3] 18 U.S.C. § 2313 reads, "[w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of any motor vehicle, vessel, or aircraft, which has crossed a State or United States boundary after being stolen, knowing the same to have been stolen, shall be fined under this title or imprisoned not more than 10 years, or both." The BIA concluded that a conviction under § 2313 is an "aggravated felony" since the "aggravated felony" definition includes, in 8 U.S.C. § 1101(a)(43)(G), any "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."

---

[2] This case presents a difficult argument regarding whether the Petitioner actually waived the appeal with respect to this issue. Since we reach the merits and conclude against the Petitioner, we will assume arguendo that the issue was not waived.

[3] Petitioner's argument that a "conspiracy" conviction should be treat differently than the underlying substantive offence is inapposite. See Lopez-Elias v. Reno, 209 F.3d 788, 792 n.7 (5th Cir. 2000) (citing 8 U.S.C. § 1101(a)(43)(U)).

The question before us is whether a conviction under § 2313 is a "theft offense" under § 1101(a)(43)(G). The Circuits that have confronted this issue, and the BIA, define "theft offense" using a generic definition of theft: "[the] taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." Gonzales v. Duenas-Alvarez, 127 S. Ct. 815, 820 (2007). We have similarly applied this definition in an unpublished disposition, Ibrahim v. Ashcroft, 74 F. App'x 426, 430 (5th Cir. 2003). We find no reason to deviate from this definition in this case. The acts described in the conviction clearly map onto the generic definition of "theft," as the conviction offense was a knowing deprivation of the owner of rights or benefits of ownership without his consent, i.e. control of property with the full knowledge that the property was stolen. Compare United States v. Dabeit, 231 F.3d 979, 983 (5th Cir. 2000), abrogated on other grounds, United States v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004) (adopting Black's Law Dictionary's definition of theft as "act of stealing") with Hernandez-Mancilla v. I.N.S., 246 F.3d 1002, 1006-09 (7th Cir. 2001) (finding Black's Law Dictionary's definition as supporting an interpretation of § 1101(a)(43)(G)'s "theft offense" as a "broad" definition that includes the receipt of stolen property); see also Ibrahim, 74 F. App'x 426, 430 & n.6. In addition, the conviction identifies conduct that fits a generic definition of "receipt of stolen property," an act specifically included under the "aggravated felony" definition in § 1101(a)(43)(G). Cf. Id. We conclude that Adenodi's conviction is an aggravated felony.

2. Adenodi cannot be considered a "national"

We review Adenodi's nationality claim de novo as a question of law. Marquez-Marquez v. Gonzales, 455 F.3d 548, 554 (5th Cir. 2006). We have

previously stated that "a person may become a national only by birth or by completing the naturalization process." Omolo v. Gonzales, 452 F.3d 404, 409 (5th Cir. 2006). Since Adenodi does not claim that he was born in the United States or that he completed the naturalization process, he cannot be considered a national of the United States. Id. See also Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 972 (9th Cir. 2003).

<u>Conclusion</u>

For these reasons, the petition is DENIED.