**Sat Jagroop Singh RANDHAWA, Petitioner,**

v.

**John ASHCROFT,\* Attorney General, Respondent.**

No. 99–71634.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2001.

Filed Aug. 13, 2002.

---

\* John Ashcroft is substituted for his predecessor Janet Reno as Attorney General. Fed.

R.App. P. 43(c)(2).

Robert B. Jobe (argued), Law Office of Robert B. Jobe, Appearance only by Hilary A. Han, Law Office of Robert B. Jobe, San Francisco, CA, for the petitioner-appellant.

Quynh Vu (argued), United States Department of Justice, Appearances only by David W. Ogden, United States Department of Justice, Civil Division, Brenda Ellison, United States Department of Justice, and Regina Byrd, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondent-appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON and RAWLINSON, Circuit Judges.

## OPINION

D.W. NELSON, Circuit Judge.

Sat "Sonny" Randhawa argues that his conviction for possession of stolen mail is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). In light of our en banc decision in *United States v. Corona–Sanchez*, 291 F.3d 1201 (9th Cir.2002) (en banc), we must disagree.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Randhawa, a native citizen of India, entered the United States as a lawful permanent resident in 1991. A couple years after he entered the United States, Randhawa began to run into trouble with the law. In April of 1993, he was convicted in California Municipal Court for petty theft in violation of California Penal Code Section 490.1 after stealing two cartons of cigarettes. Three years later, in September of 1996, Randhawa was indicted in federal district court. The indictment charged Randhawa with two counts of delay of the mail, seven counts of mail theft, and one count of possession of stolen mail. On January 6, 1997, and pursuant to a plea agreement, Randhawa pled guilty to only the count charging him with possession of stolen mail in violation of 18 U.S.C. § 1708. According to the judgment form, Randhawa was "committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months," but the sentencing judge recommended to the BOP that Randhawa be placed in the Cornell Community Corrections Facility.

On September 29, 1998, the Immigration and Naturalization Service ("INS") issued a Notice to Appear charging Randhawa with being deportable as an alien who, after admission to the United States, (1) was convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), and (2) was convicted of two crimes of moral turpitude, not arising out of the same criminal scheme, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii). The Notice to Appear did not specify which category of aggravated felony Randhawa's conviction for possession of stolen mail fit under, but the INS argued and the Immigration Judge ("IJ") agreed that the relevant category was § 1101(a)(43)(G) (listing as an aggravated felony "a theft offense ... for which the term of imprisonment[is] at least one year"). Randhawa argued that he did not qualify as an aggravated felon under § 1101(a)(43)(G) because the sentencing judge's recommendation and the BOP's decision to designate a half-way house as the place for his sentence meant that he was not actually sentenced to one year of "imprisonment."

On March 23, 1999, the IJ ordered Randhawa deported to India. The IJ held that his conviction was a deportable "theft offense," finding that the cases cited by Randhawa which establish that a sentence in a half-way house is not a term of imprisonment do not apply in the immigration context and that the common law definition of imprisonment includes commitment to a community corrections center. The IJ also determined that Randhawa was deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) because both of his prior convictions were crimes of moral turpitude and they were not part of the same criminal scheme.[1] Because Randhawa was determined to be an aggravated felon, the IJ found that he was not eligible for any relief from deportation.

Randhawa then submitted a pro se notice of appeal which asserted the same arguments against considering his conviction an aggravated felony. Subsequently, Randhawa obtained counsel who submitted a Notice of Entry of Appearance and a motion to accept a late-filed brief. The BIA denied this motion because of a failure to demonstrate compelling circumstances, and decided to consider only those issues raised in Randhawa's pro se notice of appeal. The BIA rejected Randhawa's argument that his time in a half-way house was not a term of imprisonment and affirmed the IJ's decision.[2] Randhawa then filed this timely appeal.

## II. STANDARD OF REVIEW

"The question of whether a conviction under federal law is a deportable offense is reviewed de novo." *Albillo–Figueroa v. INS*, 221 F.3d 1070, 1072 (9th Cir.2000). While the BIA's interpretation of immigration laws is entitled to deference, *see INS v. Aguirre–Aguirre*, 526 U.S. 415, 424–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999), we are not obligated to accept an interpretation that is contrary to the plain and sensible meaning of the statute. *See Beltran–Tirado v. INS*, 213 F.3d 1179, 1185 (9th Cir.2000).

## III. DISCUSSION

Randhawa was convicted of possession of stolen mail in violation of 18 U.S.C. § 1708. We hold that a conviction obtained under § 1708 is categorically (or facially) a "theft offense"—and therefore an aggravated felony—within the meaning of 8 U.S.C. § 1101(a)(43)(G).

The BIA found Randhawa deportable, holding that his conviction for possession of stolen mail was a "theft of-

---

1. The IJ's finding does not prevent us from exercising jurisdiction to review the aggravated felony determination because the Antiterrorism and Effective Death Penalty Act only eliminated judicial review over deportation orders under 8 U.S.C. § 1227(a)(2)(A)(ii) where both convictions for crimes of moral turpitude involved a possible sentence of a year or more. *See* 8 U.S.C. § 1252(a)(2)(C). Randhawa's petty theft conviction under California Penal Code Section 490.1 was eligible for a maximum fine of $250, but no jail time. Therefore, the IJ's finding that Randhawa committed two crimes of moral turpitude does not preclude this court from exercising jurisdiction to determine whether or not Randhawa was convicted of an aggravated felony.

In addition, the fact that Randhawa may ultimately be deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) for committing two crimes of moral turpitude does not automatically render harmless any error in the BIA's discussion of the aggravated felony issue. Aggravated felons are not eligible for asylum or cancellation of removal, whereas those aliens found deportable under section 1227(a)(2)(A)(ii) still have the option to pursue these discretionary remedies. *See* 8 U.S.C. §§ 1158(b)(2), 1229b(a)(3).

2. Randhawa does not continue to press the "half-way house" argument on appeal. We therefore consider it abandoned and do not address it *infra*. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir.1988).

fense" within the Immigration and Nationality Act's definition of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(G) (defining "aggravated felony" to include a "theft offense (including receipt of stolen property) ... for which the term of imprisonment[is] at least one year"). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA"), deprives us of jurisdiction to hear petitions for review filed by aliens who are deportable for having been convicted of an aggravated felony.[3] *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000). However, we retain jurisdiction to determine whether IIRIRA's jurisdictional bar applies. *Id.* In other words, we have jurisdiction to determine whether Randhawa's offense qualifies as an aggravated felony and consequently deprives us of jurisdiction under IIRIRA.[4] Thus, "the jurisdictional question and the merits collapse into one." *Id.*

*A. Randhawa's statutory claim*

 In deciding whether an offense qualifies as an aggravated felony, we look to the statute under which the person was convicted and compare its elements to the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43). *See Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Our first task is to make a categorical comparison. Under this "categorical approach," an offense qualifies as an aggravated felony "if

and only if the 'full range of conduct' covered by [the criminal statute] falls within the meaning of that term." *United States v. Baron–Medina*, 187 F.3d 1144, 1146 (9th Cir.1999) (citation omitted). If we find that the statute of conviction is not a categorical match because it criminalizes both conduct that does and does not qualify as an aggravated felony, then we proceed to a "modified categorical approach." *See Ye v. INS*, 214 F.3d at 1133; *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143 (making an exception to the categorical approach where state burglary statutes criminalize more than just "generic" burglary). Under the modified categorical approach, we conduct a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute of conviction was facially over-inclusive. *See Corona–Sanchez*, 291 F.3d at 1211 (explaining that when a defendant pleads guilty courts may look to the judgment of conviction, the transcript of the plea proceeding, the plea agreement, and charging documents—but only if there is also a signed plea agreement). In this case, however, we need not proceed to the modified categorical approach, for Randhawa's argument never makes it past the categorical inquiry.

Our first task under the categorical approach is to look to how we have interpreted Congress' use of the term "theft offense" in § 1101(a)(43)(G). We need not look hard, however, for an en banc panel of

---

3. The permanent rules of IIRIRA as amended, Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996), apply to this case because removal proceedings were initiated after April 1, 1997. *See Ratnam v. INS*, 154 F.3d 990, 993 n. 1 (9th Cir.1998).

4. The BIA did not consider this argument because it denied Randhawa's motion to file a late brief and refused to hear arguments outside his pro se notice of appeal. We, however, consider and decide it because the issue of whether the BIA erred in applying 8 U.S.C. § 1101(a)(43)(G) determines our jurisdiction.

this Circuit in *Corona–Sanchez* recently settled on a generic definition of "theft offense" as it is used in § 1101(a)(43)(G):

> "[A theft offense is] a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent."

*Corona–Sanchez*, 291 F.3d at 1205 (quoting *Hernandez–Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir.2001)). With this definition in mind, and continuing our categorical inquiry, we then look to Randhawa's statute of conviction.

Randhawa's conviction under 18 U.S.C. § 1708 facially qualifies as a conviction for a theft offense (and thus an aggravated felony) because the statute criminalizes only that conduct that fits within *Corona–Sanchez's* definition of a theft offense. 18 U.S.C. § 1708 provides as follows:

> Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or
>
> any article or thing contained therein; or Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or
>
> Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—
>
> Shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1708. Clearly, the first two paragraphs of § 1708 are no more broad on their face than our settled definition of a theft offense. The third paragraph, however, gives us slight pause (and therefore merits the bulk of our consideration) because it makes it a crime to possess— not simply receive or take—stolen mail.

■ The third paragraph's proscription on possession of stolen mail categorically qualifies as a theft offense. To win a conviction under § 1708, the government must prove: (1) that the defendant possessed stolen mail; (2) that the defendant knew the mail was stolen; and (3) that the mail was, in fact, stolen. *See United States v. Patterson*, 664 F.2d 1346, 1347 (9th Cir.1982). These requisite elements render a conviction for possession of stolen mail coextensive with *Corona–Sanchez's* definition of a theft offense.

■ The first element in *Corona–Sanchez's* generic definition requires that a defendant exercise control over property. The third paragraph of Section 1708 contains the same element: the paragraph requires that a defendant possess stolen mail, and possession is of course equivalent to an exercise of control. *See* Black's Law Dictionary 1183 (7th ed.1999) (defining "possession" as "[t]he right under which one may exercise control over something ...."). Our generic definition of theft offense also requires a second element, namely that the exercise of control be without the true owner's consent.

Again, § 1708 contains a functionally equivalent requirement because the government must show that the mail was in fact stolen; once that fact is shown, it has also been shown that there could have been no consent to the possession by the true owner. Our generic definition of theft offense finally requires that the exercise of control be "with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total and permanent." Section 1708 is coextensive with this element as well. To be guilty of possession of stolen mail under the third paragraph of § 1708, a hypothetical offender must know that the mail is stolen. From this knowledge, we infer the requisite criminal intent under our generic definition; an individual who possesses mail he or she knows to be stolen necessarily intends to deprive the mail's true owner of his or her rights and benefits of ownership. We are therefore left with the conclusion that a conviction for possession of stolen mail under § 1708 is no more broad than our generic definition of a theft offense and a conviction under that statute is therefore categorically an aggravated felony.[5]

### B. *Randhawa's Due Process Claim*

Randhawa also argues on appeal that the BIA violated his due process rights by refusing to consider his late-filed brief and amended notice of appeal submitted once he obtained counsel. The government argues that we do not have jurisdiction to consider Randhawa's due process claim if and when we determine he is an aggravated felon. The government is

right. Now that we have concluded Randhawa is an aggravated felon, we have no jurisdiction to consider his due process claim in a petition for review. *See* 8 U.S.C. § 1252(a)(2)(C); *Calcano–Martinez v. INS*, 533 U.S. 348, 351–52, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001) (stating that we have no jurisdiction to review a claim like Randhawa's if it is raised in a petition for review rather than a § 2241 habeas petition).

Accordingly, Randhawa's petition for review is **DISMISSED,** for we are without jurisdiction to hear it.

---

5. Our analysis here is consistent with the result the Seventh Circuit reached in *Hernandez–Mancilla*. The Seventh Circuit found that the defendant's possession of a stolen motor vehicle "entailed a knowing exercise of control over another's property without consent, and thus ... fit[ ] the generic definition of 'theft offense (including receipt of stolen property)' under § 1101(a)(43)(G)". *Hernandez–Mancilla*, 246 F.3d at 1009. In this case, we are using the exact same definition of theft offense that the Seventh Circuit used and we analogously conclude that Randhawa's § 1708 possession offense qualifies as a theft offense.