**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ardel Zabala MAPALO, Defendant–Appellant.**

No. 02–50097.

D.C. No. CR–01–00351–GHK–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided July 7, 2003.

Before PREGERSON, THOMAS, Circuit Judges, and OBERDORFER, District Judge.*

MEMORANDUM**

Defendant Ardel Zabala Mapalo ("Mapalo"), was charged with, *inter alia,* unlawful possession of stolen mail in violation of 18 U.S.C. § 1708. Mapalo moved to dismiss the indictment on the ground that it failed to allege necessary elements of the crimes charged. The District Court denied his motion. On appeal, Mapalo once again asserts that the possession of stolen mail count in the indictment failed to allege the element of criminal intent.[1] Because the language of the indictment adequately incorporated a *mens rea* requirement, we affirm.

I.

This case arises out of the government's investigation of an organized mail theft ring known as "The Circulation." In April 2001, law enforcement officers received a tip that a Circulation member was staying at a particular motel in Los Angeles, California. When they knocked at the motel room door, Mapalo answered, identified himself as Murtaza Ali, and permitted the officers to search the room. During the search, officers located numerous pieces of stolen mail, as well as papers containing the personal identifying information of other individuals.

On April 24, 2001, a grand jury returned an indictment charging Mapalo with: one count of possession of stolen mail in violation of 18 U.S.C. § 1708 (2000); four counts of identity theft in violation of 18 U.S.C. §§ 1028(a)(7) and 2(b) (2000); and one count of unauthorized use of an access device in violation of 18 U.S.C. §§ 1029(a)(2) and 2(b) (2000). The possession of stolen mail count (Count One) alleged as follows:

> On or about April 5, 2001, in Los Angeles County, within the Central District of California, defendant ARDEL ZABALA MAPALO, also known was Murtaza Ali, also known as Anthony Zabala, unlawfully possessed mail matter that had been stolen from the United States mail, including financial and identification records, and at that time and place defendant well knew that said mail was stolen.

---

\* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Mapalo's motion before the District Court argued that all six counts of the indictment

were defective. His briefs on appeal, however, mention only the possession of stolen mail count. This court's review is therefore limited to that count. *See Miller v. Fairchild Industries, Inc.,* 797 F.2d 727, 738 (9th Cir. 1986) (this court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

Mapalo entered not guilty pleas to all counts on April 30, 2001.

On August 14, 2001, Mapalo moved to dismiss the indictment on the ground that it failed to allege criminal intent. The government opposed the motion, arguing that Count One captured the *mens rea* component of the offense by alleging that Mapalo knew that the mail was stolen.

The District Court denied the motion to dismiss. On October 26, 2001, Mapalo entered a conditional guilty plea, reserving his right to appeal the court's denial of his motion. The court accepted Mapalo's plea, and later sentenced him to 30 months imprisonment. Mapalo filed a notice of appeal on February 14, 2002.

## II.

This court reviews *de novo* the denial of a motion to dismiss an indictment for facial invalidity or insufficiency. *United States v. Frega*, 179 F.3d 793, 805 n. 10 (9th Cir.1999), *cert. denied*, 528 U.S. 1191, 120 S.Ct. 1247, 146 L.Ed.2d 105 (2000).

## A. Standard for Sufficiency of Indictments

An indictment must contain the essential elements of the offense charged, so as to apprise the defendant of the charge against which he must defend. *See, e.g., United States v. Bailey*, 444 U.S. 394, 414, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). In some instances, however, the essential elements of an offense may not be apparent from the statutory language. In *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir.1995), *cert. denied*, 517 U.S. 1157, 116 S.Ct. 1546, 134 L.Ed.2d 649 (1996), this court observed that "[a]n indictment that tracks the words of the statute violated is generally sufficient, but implied, necessary elements, not present in the statutory language, must be included in an indictment." Criminal intent is one such implied ele-

ment. *See Morissette v. United States*, 342 U.S. 246, 250, 72 S.Ct. 240, 96 L.Ed. 288 (1952). One reason for requiring an intent allegation is to protect the defendant who committed the proscribed acts but was acting with innocent purpose. *Id.* at 263.

## B. Sufficiency of the Indictment in the Present Case

Count One of the indictment in the present case tracked the language of the statute, 18 U.S.C. § 1708. Section 1708 provides in relevant part:

> Whoever ... unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, ... knowing the same to have been stolen, taken, embezzled, or abstracted— Shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1708 (2000). Echoing the statute, the indictment alleged (1) that Mapalo "unlawfully possessed mail matter;" (2) that the mail "had been stolen from the United States mail;" and (3) that at the time and place he possessed the mail, "defendant well knew that said mail was stolen."

As *Jackson* and *Morissette* suggest, an indictment that tracks the language of the statute may be insufficient if the element of criminal intent is omitted. However, in *Randhawa v. Ashcroft*, 298 F.3d 1148 (9th Cir.2002), this court indicated that the statutory elements of the offense of possession of stolen mail already incorporate a *mens rea* requirement. In *Randhawa*, the court analyzed § 1708 to determine whether the offense constituted an "aggravated felony" that would render Randhawa deportable. It observed:

To be guilty of possession of stolen mail under the third paragraph of § 1708, a hypothetical offender must know that the mail is stolen. From this knowledge, we infer the requisite criminal intent under our generic definition; an individual who possesses mail he or she knows to be stolen necessarily intends to deprive the mail's true owner of his or her rights and benefits of ownership. 298 F.3d at 1154. In other words, the *Randhawa* court equated the knowledge requirement in the statute with intent. When it did so, it comported with our observation in *United States v. Patterson*, 664 F.2d 1346 (9th Cir.1982), that, "[i]n order to convict [a defendant] of possession of stolen mail, a violation of 18 U.S.C. § 1708, the Government must prove that: (1) [the defendant] possessed the [mail]; (2) [the defendant] knew the [mail] [was] stolen; and (3) the [mail], in fact, [was] stolen...." *Id.* at 1347 (citation omitted).

A handful of other circuits, however, have required that the government specifically prove criminal intent, in addition to the statutory elements, to establish a violation of § 1708. In *United States v. Hall*, 845 F.2d 1281 (5th Cir.1988), the court explained that conviction for a violation of § 1708 requires proof of the following four elements: "(1) that the defendant unlawfully possessed the item stated in the indictment; (2) that the item had been stolen from the mail; (3) that the defendant knew the item was stolen; and (4) that the defendant had the specific intent to possess the item unlawfully." *Id.* at 1284. *See also United States v. Hawkins*, 614 F.2d 85, 87 (5th Cir.), *cert. denied*, 446 U.S. 955, 100 S.Ct. 2926, 64 L.Ed.2d 814 (1980) (in order to sustain a conviction under § 1708, "the government must prove that the defendant ... had the specific intent to possess the material unlawfully"); *United States v. Mendez*, 117 F.3d 480, 487 (11th

Cir.1997) (same); *United States v. Comer*, 93 F.3d 1271, 1276 (6th Cir.1996) (same).

Citing these decisions from other circuits, Mapalo argues that the element of criminal intent should have been specifically alleged in the indictment. He posits that there are circumstances in which an individual acting with innocent purpose might be charged with violating § 1708. For example, a bystander might see someone steal and then discard mail. According to Mapalo, if that bystander retrieves the mail with the intent to return it to the Postal Service, but forgets to return the mail and keeps it in her possession, the bystander may be charged with violating § 1708.

Any concerns raised by Mapalo's hypothetical, however, are negated by the statutory language of § 1708, which already incorporates a *mens rea* requirement. The separate fourth element adopted by other circuits is satisfied because the knowledge requirement in the statute connotes a *mens rea*, and combined with the term "unlawfully," sufficiently alleges a criminal intent. Indeed, the term "unlawfully" appears to limit the application of the statute to situations in which the defendant acts with criminal intent. *See Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979) (stating a "fundamental canon of statutory construction [ ] that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning").

Depending on the context of the statute, different terms may be used to show criminal intent. *See Morissette*, 342 U.S. at 264 ("Congress ... has seen fit to prescribe that an evil state of mind, described variously in one or more such terms as 'intentional,' 'wilful,' 'knowing,' 'fraudulent,' or 'malicious,' will make criminal an otherwise indifferent act...."). In the present case,

the term "unlawfully" has a synergistic relationship with the knowledge requirement, and the two adequately capture *mens rea.* In practical terms, the corpus of evidence needed to make a showing that the defendant unlawfully and knowingly possessed stolen mail would remain unchanged if a specific *mens rea* element were added to the indictment.

The present case stands in contrast to other decisions by this court, which have held that "criminal intent" must be specifically proven to convict a defendant of certain offenses. *See, e.g., United States v. Barajas–Montiel,* 185 F.3d 947, 951 (9th Cir.1999), *cert. denied,* 531 U.S. 849, 121 S.Ct. 123, 148 L.Ed.2d 77 (2000); *United States v. Nguyen,* 73 F.3d 887, 893 (9th Cir.1995). These cases, which both involved offenses related to the smuggling of aliens, are distinguishable. The Ninth Circuit intervened to impose an additional requirement because of the likelihood that an innocent person might violate the terms of these immigration statutes. In *Nguyen,* for example, the defendant persuasively argued that he had acted without evil intent. In the present case, there is no such likelihood of penalizing innocent conduct. Indeed, Mapalo cites no case in which this court has reversed a conviction where the government proved, beyond a reasonable doubt, that the defendant unlawfully and knowingly possessed stolen mail, despite the defendant's oxymoronic claim that he acted with innocent purpose.

We therefore conclude that the District Court did not err in denying Mapalo's motion to dismiss the indictment.

**AFFIRMED.**