**Alexandr Yefimovich LEVIN, Petitioner—Appellant,**

**v.**

**Robert COLEMAN; et al., Respondents— Appellees.**

No. 02–35967.

D.C. No. CV–01–01298–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 23, 2003.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Alexandr Yefimovich Levin appeals the district court's order denying his motion for attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), even though Levin prevailed on his habeas petition seeking relief from deportation because he was not convicted of an aggravated felony. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's decision to deny attorney's fees. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001). The district court abuses its discretion if it bases its decision on an erroneous legal conclusion or a clearly erroneous finding of fact. *See Andrew v. Bowen*, 837 F.2d 875, 877 (9th Cir.1988). We reverse and remand.

The EAJA mandates the award of attorney's fees and expenses to the prevailing party unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *See Oregon Natural Resources Council v. Madigan*, 980 F.2d 1330, 1331 (9th Cir.1992). The government must show that its position has a reasonable basis in law and fact to prove that its position was substantially justified. *See id.* The position of the United States encompasses both an agency's action upon which the civil action is based as well as the government's litigation position. *See id.*

The BIA erroneously determined that Levin's 1965 conviction was an aggravated felony because the aggravated felony statute does not apply to foreign convictions for which the term of imprisonment was completed more than 15 years ago. *See* 8 U.S.C. § 1101(a)(43). The district court improperly determined that the agency po-

sition was substantially justified. The BIA knew that Levin was convicted in 1965, that he was sentenced to 12 years, and that he was placed in proceedings in 1996. The BIA erroneously applied statutory language that was clear on its face. *See Madigan*, 980 F.2d at 1332. The BIA's error was not harmless because, although Levin was ordered deported on a different ground, the aggravated felony determination prevented him from applying for relief from deportation. *See Randhawa v. Ashcroft*, 298 F.3d 1148, 1151 n. 1 (9th Cir. 2002).

The district court also erred by finding that the government's position opposing Levin's habeas petition was substantially justified. *See Abela v. Gustafson*, 888 F.2d 1258, 1264–65 (9th Cir.1989). The government argued that Levin either waived the 15 year limitation issue or failed to exhaust administrative remedies as to that issue before filing his petition in federal court. This argument was not substantially justified because the BIA applied the aggravated felony statute to Levin's 1965 conviction. *See Aragon–Ayon v. INS*, 206 F.3d 847, 850 (9th Cir.2000) (holding that administrative remedies are exhausted where a contention is not specifically raised before the BIA, but the BIA interprets the statutory provision at issue). Moreover, Levin exhausted his administrative remedies when he raised the aggravated felony issue in a motion to reopen, which the BIA denied. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000).

We are not persuaded by the government's argument that even if their position was not substantially justified, there are special circumstances rendering an award of fees unjust. This case does not raise a novel issue of law, *see Madigan*, 980 F.2d

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

at 1347, and Levin's ability to apply for asylum after his application was incorrectly pretermitted, coupled with the award of attorney's fees, does not constitute a windfall, *see Randhawa*, 298 F.3d at 1151 n.1.

Consequently, this case is remanded to the district court for a determination of the amount of fees to which Levin is entitled.

**REVERSED and REMANDED.**