# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SERGIO MARTINEZ-PEREZ,
                    *Petitioner,*

              v.

ALBERTO R. GONZALES,* Attorney
General,
                    *Respondent.*

No. 03-70531

Agency No.
A36-908-119

AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 3, 2004—Pasadena, California

Filed December 29, 2004

Opinion Withdrawn and Amended Opinion
Filed August 2, 2005

Before: A. Wallace Tashima, Raymond C. Fisher, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tashima

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

9023

**COUNSEL**

Frank E. Ronzio, Los Angeles, California, for the petitioner.

David E. Dauenheimer, Civil Division, U.S. Department of Justice, Washington, DC, for the respondent.

**OPINION**

TASHIMA, Circuit Judge:

Sergio Martinez-Perez ("Martinez") petitions for review of the Board of Immigration Appeal's ("BIA") order affirming the Immigration Judge's ("IJ") decision that he is removable and ineligible for any form of relief because of his conviction

for an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). For the reasons stated below, we conclude, first, that § 487(c) of the California Penal Code, which sets forth the offense of grand theft, criminalizes conduct that falls outside the generic definition of theft, as established in *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc); therefore, that § 487(c) is not a theft offense under the categorical approach set forth by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). Second, based on our review of the criminal information and abstract of judgment of Martinez's prior conviction, we also conclude that the conviction does not qualify as a generic theft offense under the modified categorical approach approved by *Taylor*.

Although, under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a final order of removal against an alien who is removable based on his conviction for an aggravated felony, we retain jurisdiction to determine whether Martinez's offense qualifies as an aggravated felony. *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 885 (9th Cir. 2003); *Randhawa v. Ashcroft*, 298 F.3d 1148, 1152 (9th Cir. 2002) (observing that the court retains jurisdiction to determine whether the jurisdictional bar of 8 U.S.C. § 1252(a)(2) applies). We conclude that the BIA erred in determining that Martinez's prior conviction qualifies as an aggravated felony and therefore grant the petition for review.

## Background

Martinez is a native and citizen of Mexico, and was admitted to the United States in 1981 as an immigrant. In 1996, Martinez was charged in state court with second degree robbery, in violation of § 211 of the California Penal Code. The information alleged that Martinez "willfully, unlawfully, and by means of force and fear [took] personal property from the person, possession, and immediate presence of Teresa Guttierrez." Martinez pled guilty to one count of grand theft based on taking property from another, in violation of

§ 487(c) of the California Penal Code, and was sentenced to two years confinement.

In 2001, the Immigration and Naturalization Service ("INS")[1] served Martinez with a Notice to Appear, charging that Martinez was subject to removal under 8 U.S.C. § 1227(a)(2) (A)(iii), based on his conviction for grand theft, which the INS alleged constituted an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G). The IJ concluded at Martinez's removal hearing that his conviction was a theft offense for which a sentence of one year or more had been imposed and therefore constituted an aggravated felony under § 1101(a)(43). The IJ further found that Martinez was ineligible for any relief from removal and ordered Martinez removed.

Martinez then appealed to the BIA, arguing that a grand theft conviction under § 487(c) of the California Penal Code does not constitute an aggravated felony. The BIA affirmed the IJ's decision without opinion, pursuant to the streamlining procedures formerly set forth at 8 C.F.R. § 3.1(e)(4).[2] Martinez timely filed a petition for review.

## Standard of Review

When the BIA affirms the IJ's decision without opinion, we review the IJ's decision "as though it were the Board's." *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1096 (9th Cir. 2004) (quoting *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir. 2003)). Whether an offense is an aggravated felony under 8 U.S.C. § 1101(a) is a legal question reviewed de novo.

---

[1]The INS has since been abolished and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2142 (2002), 6 U.S.C. §§ 101-557. For convenience, we refer to the government agency involved as the INS.

[2]The streamlining regulation has since been recodified without change as 8 C.F.R. § 1003.1(e)(4) (2004).

*Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004).

## Analysis

Under 8 U.S.C. § 1101(a)(43)(G), the term "aggravated felony" includes a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year[.]" *Id.* To determine whether an offense qualifies as an aggravated felony, we compare the elements of the statute under which the person was convicted to the definition of aggravated felony in § 1101(a)(43). *Randhawa*, 298 F.3d at 1152. We first conduct a categorical comparison of the statute and the generic definition. *Huerta-Guevara*, 321 F.3d at 886-87. If there is no categorical match, we then apply a modified categorical approach to determine whether the defendant actually was convicted of each the elements of the generically defined crime. *Id.* at 887; *Randhawa*, 298 F.3d at 1152.

## I. Categorical Approach

**[1]** Under the categorical approach, an offense is an aggravated felony "if and only if the 'full range of conduct' covered by [the criminal statute] falls within the meaning of that term." *Randhawa*, 298 F.3d at 1152 (quoting *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999)); *Taylor*, 495 U.S. at 602. We look only to the fact of conviction and the statutory definition of the offense in determining whether the conduct proscribed by the statute is categorically broader than the generic definition. *Huerta-Guevara*, 321 F.3d at 887 (citing *Corona-Sanchez*, 291 F.3d at 1203). The generic definition of "theft offense" as it is used in § 1101(a)(43)(G) is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Corona-Sanchez*, 291 F.3d at 1205.

In *Corona-Sanchez*, we applied the categorical approach to compare the definition of theft under § 484(a) of the California Penal Code to the generic definition of "theft offense" as used in § 1101(a)(43)(G). *See id.* at 1207-08. We observed that § 484(a) "allows a conviction for theft when the defendant has neither taken, nor exercised control over, the property." *Id.* at 1207(noting that a defendant can be convicted of the substantive offense of violating § 484(a) for aiding and abetting a theft, for theft of labor, and for solicitation of false credit reporting). We concluded that a conviction for theft under § 484(a) does not qualify as an aggravated felony under § 1101(a)(43)(G) for federal sentencing purposes under the categorical approach. *Id.* at 1208.

**[2]** Here, Martinez was convicted of grand theft under § 487(c) of the California Penal Code. Section 487 is entitled "Grand theft defined" and states that "[g]rand theft is theft committed in any of" the situations enumerated in the statute. Cal. Penal Code § 487 (West 2003). Section 487(c) provides that grand theft is theft committed "[w]hen the property is taken from the person of another." Cal. Penal Code § 487(c) (West 2003). Thus, § 487 defines grand theft by reference to § 484(a), the general theft statute, the violation of which we held is not categorically a theft offense under § 1101(a)(43)(G). *See Corona-Sanchez*, 291 F.3d at 1208.

But even though § 487(c) defines grand theft by reference to "theft" as defined in § 484(a), the full range of conduct proscribed by § 487(c) may nevertheless fall within the generic definition of theft offense. We therefore must compare the relevant elements of the generic definition of theft offense — namely (1) the intent to deprive the owner of rights and benefits of ownership, and (2) the taking of property — with the conduct proscribed by § 487(c).

A.   *Intent to Deprive Owner of Rights and Benefits of Ownership*

**[3]** California case law has interpreted § 487 as "[n]ecessarily requir[ing] a finding that the accused intended

to steal." *People v. Jaramillo*, 548 P.2d 706, 709 (Cal. 1976) (en banc); *see People v. Davis,* 965 P.2d 1165, 1167-68 (Cal. 1998) ("The intent to steal . . . is the intent, without a good faith claim of right, to permanently deprive the owner of possession."); *People v. Campbell*, 133 Cal. Rptr. 815, 824 (Ct. App. 1976); *cf. United States v. Perez-Corona*, 295 F.3d 996, 1001 (9th Cir. 2002) (concluding that, because case law interpreting the state criminal statute required only knowledge, the conduct proscribed by the statute fell outside the definition of theft offense, which requires intent to deprive the owner of property). Further, the California Supreme Court has interpreted § 484(a) — the general theft statute to which § 487 refers in defining grand theft — as itself requiring the intent to permanently deprive the owner of possession. *See Davis*, 965 P.2d at 1167-68 (stating the general rule that intent to steal is required for conviction under § 484). Therefore, just as the generic definition of theft offense requires "intent to deprive the owner of rights and benefits of ownership," *Corona-Sanchez*, 291 F.3d at 1205, § 487(c) allows for conviction only where the defendant had an intent to deprive the owner of possession. Section 487(c) thus does not fail the categorical test based on any lack of the requisite intent.

## B. Taking of Property or Exercise of Control Over Property

We concluded in *Corona-Sanchez* that § 484(a) of the California Penal Code proscribes conduct that falls outside the definition of a theft offense, in part because the statute "allows a conviction for theft when a person has neither taken, nor exercised control over, property." *Corona-Sanchez*, 291 F.3d at 1208. We noted that § 484(a) prohibits the theft of labor and the solicitation of false credit reporting. *See id.* at 1207-08. In contrast, the definition of grand theft in § 487(c) proscribes only the taking of property and therefore excludes the theft of labor and the solicitation of false credit reporting. Cal. Penal Code § 487(c) (West 2003) ("When the property is taken from the person of another."); *id.* at 1208. Thus, setting

aside aiding and abetting liability, the conduct prohibited by § 487(c) falls within the generic definition of theft offense because § 487(c) requires "a taking of property or an exercise of control over property." *See id.* at 1205.

At the same time, however, we also reasoned in *Corona-Sanchez* that a defendant could be convicted of violating § 484(a) for aiding and abetting a theft and noted that aiding and abetting liability in California "is quite broad, extending even to promotion and instigation." *Id.* at 1208-09. We explained that, because a conviction under § 484(a) could be based on an aiding and abetting theory, "it would not be apparent from reference to the statute of conviction alone to discern whether or not the criminal act was embraced within the" generic definition of theft offense. *Id.* at 1208.

**[4]** Here, just as a defendant can be convicted of the substantive offense of theft under § 484(a) for merely aiding and abetting a theft, it appears that a defendant also can be convicted of the substantive offense of grand theft person under § 487(c) based on an aiding and abetting theory. *See People v. Beeman*, 674 P.2d 1318, 1325-26 (Cal. 1984) (en banc) (holding that defendant is liable under aiding and abetting theory if he "act[ed] with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense"); *People v. Melendez*, 274 Cal. Rptr. 599, 602 (Ct. App. 1990) (discussing jury instructions explaining aiding and abetting theory on which grand theft conviction could be based). *See also People v. Mitchell*, 228 Cal. Rptr. 286, 291 (Ct. App. 1986) (concluding that sufficient evidence supported conviction for robbery based on aiding and abetting liability). Therefore, as with § 484(a), it would not be apparent from reference to § 487(c) alone whether or not the criminal act was embraced within the generic definition of theft offense under 8 U.S.C. § 1101(a)(43)(G). *See Corona-Sanchez*, 291 F.3d at 1208. Because a defendant can be convicted of the substantive violation of § 487(c) based on an

aiding and abetting theory alone, some of the conduct proscribed by § 487(c) falls outside the generic definition of theft offense. We therefore hold that grand theft under § 487(c) of the California Penal Code does not facially qualify as an aggravated felony under § 1101(a)(43)(G) under the categorical approach.

## II.   *Modified Categorical Approach*

**[5]** Because the statute of conviction is not a categorical match, we proceed to examine the conviction under the modified categorical approach. *Corona-Sanchez*, 291 F.3d at 1211. "The idea of the modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *Id.*

**[6]** In *Shepard v. United States*, 125 S. Ct. 1254 (2005), the Supreme Court recently clarified the documents that a sentencing court can consider in applying the modified categorical approach to prior convictions obtained by guilty plea. The Court explained that the sentencing court can look only to "the charging document, written plea agreement, transcript of plea colloquy, and any explicit findings by the trial judge to which the defendant assented." *Id.* at 1257. These are documents from which "a later court could generally tell whether the plea had 'necessarily' rested on the fact identifying the burglary as generic . . . just as the details of instructions could support that conclusion in the jury case, or the details of a generically limited charging document would do in any sort of case." *Id.* at 1260; *see also Corona-Sanchez*, 291 F.3d at 1211 (explaining that the court can consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime). Charging papers alone, however, are never sufficient. *Id.*

Because the Court explained in *Shepard* that the sentencing court can consider only those documents that demonstrate that the plea necessarily rested on the fact identifying the burglary as generic, such as "the details of a generically limited charging document," we conclude it is unclear from the record of the prior conviction whether Martinez pleaded guilty to all the elements of a generic theft offense.[3]

[7] Here, the administrative record does not contain any plea agreement (if there was one) or a transcript of Martinez's plea proceeding. Rather, the record contains only (1) the information charging Martinez with second degree robbery in violation of § 211 of the California Penal Code, (2) a minute order that apparently memorializes a probation violation hearing, and (3) the abstract of judgment stating that the defendant had pled guilty to a violation of § 487(c) of the California Penal Code. The information alleged that Martinez "willfully, unlawfully, and by means of force and fear [took] personal property from the person, possession, and immediate presence of Teresa Guttierrez." The abstract of judgment states that Martinez pled guilty to grand theft property of another in violation of § 487(c) of the California Penal Code.

[8] Based on this record, we cannot determine whether Martinez necessarily pled guilty to all of the elements of a theft offense as generically defined. Martinez pled guilty to an offense different from the one charged in the information. The information therefore is not the sort of "generically limited charging document" indicating that the plea necessarily rested on the fact identifying the burglary as a generic theft offense as defined in *Corona-Sanchez*. Further, because the adminis-

---

[3]Although *Shepard* dealt with categorizing a prior conviction for purposes of sentencing in a criminal case, the Court has noted that where a statute "has both criminal and noncriminal applications," the statute should be consistently interpreted in both criminal and noncriminal, *i.e.*, immigration, applications. *Leocal v. Ashcroft*, 125 S. Ct. 377, 384 n.8 (2004).

trative record does not include a plea agreement, a transcript of the plea colloquy, or a statement of the factual basis for the guilty plea, *cf.*, *Parilla v. Gonzales*, No. 03-74010, slip op. at 8031-32 (9th Cir. Jul. 11, 2005), we likewise cannot determine whether Martinez pled guilty to the taking of property, without consent, with the criminal intent to deprive the owner of rights and benefits of ownership, as a principal and not as an aider or abettor, as required by the generic definition of a theft offense. *See Corona-Sanchez*, 291 F.3d at 1205.

## Conclusion

**[9]** Because the record does not establish that Martinez's conviction for grand theft constitutes a generic theft offense, under either the categorical or modified categorical approach, and thus qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43), we conclude that the IJ and the BIA erred in determining that Martinez is removable for having committed an aggravated felony.

The petition for review is therefore

**GRANTED.**