MEMORANDUM *
Alida Deguzman Elepano (“Deguzman”), a native and citizen of the Philippines, petitions for review of a Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an Immigration Judge’s (“IJ”) decision finding her removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for an aggravated felony conviction. The BIA concluded that her state-court conviction for possessing a credit card without the cardholder’s consent, in violation of Nev.Rev. Stat. § 205.690(2), was an aggravated felony “theft offense” under the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1101(a)(43)(G).
We have jurisdiction to determine whether a particular conviction is an aggravated felony, a legal question we review de novo. See 8 U.S.C. § 1252(a)(2)(D); Mandujano-Real v. Mukasey, 526 F.3d 585, 588 (9th Cir.2008). Because the Nevada statute is categorically an aggravated felony “theft offense” based on the framework set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we deny the petition for review.
Pursuant to Taylor, we must first categorically compare the elements of the state statute with the generic definition of “theft offense.” Mandujano-Real, 526 F.3d at 589. If the generic definition encompasses the entire range of conduct criminalized by the Nevada statute, Deguzman’s crime is an aggravated felony. See id. A “theft offense” is generically defined as “[1] a taking of property or an exercise of control over property [2] without consent [3] with the criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent.” Id. at 589-90. The parties agree that Deguzman pled guilty to Nev. *734 Rev.Stat. § 205.690(2), which provides, in pertinent part:
A person who possesses a credit card or debit card without the consent of the cardholder and with the intent to circulate, use, sell or transfer the credit card or debit card with the intent to defraud is guilty of a category D felony....
The Nevada statute clearly falls under the umbrella of the generic definition insofar as the first two elements are concerned. Possession of a card necessarily requires “an exercise of control over property,” and the without-consent provisions are essentially identical. Although subsection (2) does not expressly require the criminal intent to deprive the owner of the card of the rights and benefits of ownership, a person who is convicted under the statute necessarily intends to deprive the cardholder of property by possessing the card without consent and intending to circulate, use, sell, or transfer the card. Cf. Randhawa v. Ashcroft, 298 F.3d 1148, 1154 (9th Cir.2002) (inferring the requisite criminal intent from a statute requiring possession of an item that is known to be stolen). Deguzman has not cited a single criminal prosecution demonstrating a “realistic probability” that a person could be convicted under § 205.690(2) for conduct falling outside the generic definition. See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). We therefore conclude that there is a categorical match between the statute of conviction and the generic offense.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.