MEMORANDUM **
Mirza Jemina Herrera Tobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a particular conviction constitutes an aggravated felony, Randhawa v. Ashcroft, 298 F.3d 1148, 1151 (9th Cir.2002), and we deny the petition for review.
The BIA properly determined that Herrera Tobar is removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) because her conviction under Cal. Health & Safety Code § 11351 was for “illicit trafficking in a controlled substance” as defined by 8 U.S.C. § 1101(a)(43)(B). See Rendon v. Mukasey, 520 F.3d 967, 976 (9th Cir.2008) (“[Possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.”). We reject Herrera Tobar’s contention that the record of conviction was insufficient to establish that her conviction related to a federally controlled substance. See United States v. Snellenberger, 548 F.3d 699, 702 (9th Cir.2008) (en banc) (a clerk’s min *808 ute order may be considered in applying the modified categorical approach); cf. Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1078 (9th Cir.2007).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.