**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RODOLFO HERRERA MENA, | No. 07-73671 |
| Petitioner, | Agency No. A092-878-235 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Rodolfo Herrera Mena, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

§ 1252. We review de novo whether a particular conviction constitutes an aggravated felony, *Randhawa v. Ashcroft*, 298 F.3d 1148, 1151 (9th Cir. 2002), and we deny the petition for review.

The IJ properly determined that Herrera Mena is removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) because his conviction under California Health & Safety Code § 11351 was for "illicit trafficking in a controlled substance" as defined by 8 U.S.C. § 1101(a)(43)(B). *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). We reject Herrera Mena's contention that the record of conviction was insufficient to establish that his conviction related to a federally controlled substance. *See United States v. Alvarez*, 972 F.2d 1000, 1005-06 (9th Cir. 1992), *overruled on other grounds by Kawashima v. Mukasey*, 530 F.3d 1111 (9th Cir. 2008).

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**