**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADRIAN GUERRA-ROSABAL, AKA
Adrian Guerra Rosabal, AKA Adrian
Guerra Rosabas, AKA Abrian Guerra-
Rosabal, AKA Adrian Lazaro, AKA
Adrian G. Rosabal,

                    Petitioner,

 v.

MERRICK B. GARLAND,* Attorney
General,

                    Respondent.

No.   18-73195

Agency No. A098-631-949

MEMORANDUM**

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2022***
San Francisco, California

Before:  RAWLINSON, BADE, and BRESS, Circuit Judges.

---

\*       Merrick Garland is substituted for his predecessor, Matthew Whitaker,
as Attorney General of the United States.  Fed. R.App. P. 43(c)(2).

\*\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner Adrian Guerra-Rosabal (Guerra-Rosabal) is a native and citizen of Cuba. He seeks review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of an order of removal by an Immigration Judge (IJ). The IJ found that Guerra-Rosabal's conviction under Arizona Revised Statute (A.R.S.) § 13-3405(A)(2) renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i) (controlled substance offense) and 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony). Although we lack jurisdiction to review final orders of removal against noncitizens who have committed offenses covered by 8 U.S.C. § 1227(a)(2)(B)(i) or § 1227(a)(2)(A)(iii), *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to determine whether this jurisdictional bar applies. *See Randhawa v. Ashcroft*, 298 F.3d 1148, 1152 (9th Cir. 2002). Because the bar applies here, we **DISMISS** the petition.

**1.** We review de novo whether an offense relates to a controlled substance, and whether an offense constitutes an aggravated felony. *See Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013) (per curiam), *as amended* (controlled substance offense); *Roman-Suaste v. Holder*, 766 F.3d 1035, 1038 (9th Cir. 2014) (aggravated felony).

**2.** Because the parties concede that A.R.S. § 13-3405 is a divisible statute, we apply the modified categorical approach.[1] *See United States v. Marcia-Acosta*, 780 F.3d 1244, 1250 (9th Cir. 2015) (applying the modified categorical approach when the petitioner did not challenge the statute's divisibility in his opening brief).

**3.** The BIA did not err by concluding that Guerra-Rosabal is removable under § 1227(a)(2)(B)(i) because his conviction is "relat[ed] to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). Guerra-Rosabal's plea agreement reflects that he pled guilty to felony "Possession [o]f Marijuana [f]or Sale." The information similarly charged Guerra-Rosabal with a Class 2 Felony for "knowingly . . . . possess[ing] for sale an amount of marijuana . . . in violation of A.R.S. . . . [§] 13-3405."[2] Through these documents, the government met its burden of proving that Guerra-Rosabal's conviction related to a controlled substance. *See Mielewczyk v. Holder*, 575 F.3d 992, 995–96 (9th Cir. 2009) ("Because the charging document and the plea agreement establish that the crime involved heroin, the government has met its burden to prove that Mielewczyk's

---

[1] Because the parties agree to the applicability of the modified categorical approach, we do not address application of the categorical approach.

[2] The BIA's mistaken reference to "the indictment"—rather than "the information" by which Guerra-Rosabal was actually charged—was harmless because the information contains the language referenced by the BIA, and is a "comparable judicial record." *Marcia-Acosta*, 780 F.3d at 1250.

conviction involved a substance listed in the federal schedules of the CSA."); *see also* 21 U.S.C. § 802(6), (16), 812(c) sched. I(C)(10) (listing marijuana as a controlled substance).

Guerra-Rosabal's argument on appeal that the BIA erred by concluding that the plea agreement and the charging document establish that he was convicted of violating A.R.S. § 13-3405(A)(2) is unpersuasive. Although the plea agreement and the charging document do not cite A.R.S. § 13-3405(A)(2), they describe the relevant count "us[ing] language that directly track[s]" that provision. *Altayar v. Barr*, 947 F.3d 544, 550 (9th Cir. 2020); *see also* A.R.S. § 13-3405(A)(2) (prohibiting a person from knowingly "posess[ing] marijuana for sale").

**4.** Neither did the BIA err by concluding that Guerra-Rosabal is removable under § 1227(a)(2)(A)(iii) due to a conviction for an aggravated felony. As discussed, the plea agreement and charging document establish that Guerra-Rosabal was convicted of felony possession of marijuana for sale; such a conviction is necessarily an aggravated felony. *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008), *as amended* ("We therefore hold that possession of a

controlled substance with the intent to sell contains a trafficking element and is an aggravated felony.")[3].

**PETITION DISMISSED.**

---

[3] Guerra-Rosabal does not challenge either the agency's particularly serious crime determination or its denial of his application for relief under the Convention Against Torture.  These  issues are therefore waived.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).