**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4662**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENSHAUN THOMPSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:24-cr-00137-PTG-1)

_____

Submitted:  July 25, 2025                                    Decided:  October 17, 2025

_____

Before WILKINSON and GREGORY, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, Rebecca C. Fisher, Special Assistant United States Attorney, Daniel J. Honold, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenshaun Thompson was convicted by a jury of three counts of possession of stolen mail, in violation of 18 U.S.C. § 1708. The district court sentenced Thompson to three days in jail and two years of supervised release. On appeal, Thompson pursues two challenges to his convictions. First, Thompson argues that the district court abused its discretion when it excluded evidence of a Government witness's prior conviction for Virginia petit larceny. Second, Thompson attacks the sufficiency of the evidence supporting his convictions. We reject both challenges and thus affirm.

Thompson first contends that the district court abused its discretion and contravened Fed. R. Evid. 609(a)(2) when it excluded evidence of Government witness Adam Bekele's conviction for Virginia petit larceny. *See Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021) ("We review a trial court's ruling on the admissibility of evidence for abuse of discretion."). Rule 609(a)(2) provides that evidence of a witness's prior criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

Assuming that the district court erred in excluding Bekele's petit larceny conviction, we conclude that any error was harmless. *See United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) (explaining that we will not vacate conviction based on erroneous evidentiary ruling if error is harmless). Thompson planned to introduce Bekele's conviction to show that he was a dishonest thief. But the jury heard Bekele admit that he was a thief who repeatedly stole mail. The jury also heard that Bekele had lied to law

2

enforcement officers during the investigation of the petit larceny offense and initially lied to the investigating agent in this case. Finally, the jury heard that Bekele pleaded guilty to conspiracy to steal mail; that his plea agreement prevented him from being charged with other crimes, such as stealing mail and unlawful possession of a mail key; and that he hoped to receive a lower sentence based on his testimony against Thompson.

Given the similar impeachment evidence introduced against Bekele at trial, there is no likelihood that the presentation of Bekele's petit larceny conviction would have swayed the jury's verdict. *See id.* ("[A]n error is harmless if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." (internal quotation marks omitted)).

Thompson next contends that insufficient evidence supports his convictions for possession of stolen mail. We generally review de novo the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). But "[w]hen a defendant raises specific grounds in a Rule 29 motion, grounds that are not specifically raised are [forfeited] on appeal unless a manifest miscarriage of justice has occurred." *United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022) (internal quotation marks omitted). "[T]he 'manifest miscarriage' language [is] simply a formulation of the plain-error test's application to insufficiency claims." *United States v. Delgado*, 672 F.3d 320, 331 n.9 (5th Cir. 2012) (en banc); *see United States v. Everett*, 91 F.4th 698, 711 (4th Cir.) (reviewing unpreserved evidentiary sufficiency challenge for plain error), *cert. denied*, 145 S. Ct. 242 (2024).

3

In making his Rule 29 motion, Thompson sought an acquittal only as to the charge of unlawful possession of a mail key—of which the jury ultimately acquitted him—and did not move for an acquittal on the three charges of possession of stolen mail. We thus review the sufficiency of the evidence supporting Thompson's possession of stolen mail convictions for plain error only. *See Everett*, 91 F.4th at 711.

Thompson was convicted of violating 18 U.S.C. § 1708, which makes it unlawful to knowingly possess stolen mail. To obtain a conviction under 18 U.S.C. § 1708, the Government must prove: "(1) that the defendant possessed stolen mail; (2) that the defendant knew the mail was stolen; and (3) that the mail was, in fact, stolen." *Randhawa v. Ashcroft*, 298 F.3d 1148, 1153 (9th Cir. 2002). Thompson maintains that the Government failed to prove that he knew that he possessed stolen mail.

Viewing the evidence in the light most favorable to the Government, we discern no plain evidentiary insufficiency here. *See Savage*, 885 F.3d at 219 (explaining that, when defendant challenges sufficiency of evidence supporting his conviction, we view evidence in light most favorable to Government). At trial, the Government presented evidence that Thompson, Bekele, and a mutual friend agreed to steal mail from the post office in West Springfield, Virginia. To that end, Thompson asked Bekele on certain nights if he wanted to "go out to Springfield that night," which meant steal mail from the post office in West Springfield, Virginia. J.A. 243.[1]

---

[1] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

4

On October 24, 25, and 26, 2023, Bekele travelled to the West Springfield Post Office and used a special key to steal large amounts of mail from a post office box there. Bekele then drove to the Skyline Towers apartment complex in Fairfax, Virginia, where he rented an apartment. Once outside the Skyline Towers apartment complex, Bekele placed the stolen mail in a black duffle bag and handed the bag to Thompson, who was present at the apartment complex despite not living there. On October 24, Bekele handed Thompson several loose pieces of stolen mail along with the black duffle bag. Such evidence is sufficient on plain-error review to sustain Thompson's convictions.[2] *See Savage*, 885 F.3d at 219 (explaining that we will sustain the jury's verdict if "it is supported by substantial evidence, which is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt" (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Thompson's arguments in favor of his evidentiary sufficiency challenge are unconvincing. For instance, Thompson's assertion that he was merely a messenger or driver improperly views the evidence in the light most favorable to him, not the Government. Insofar as Thompson emphasizes that Bekele and their mutual friend were stealing mail before Thompson became involved, that fact does not undermine the evidence of Thompson's guilt once he joined the scheme. And to the extent that Thompson argues that Bekele's credibility was thoroughly impeached, our review for evidentiary sufficiency does not encompass witness credibility. *See Savage*, 885 F.3d at 219.