YINGSHI C. ZHANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74057.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yingshi C. Zhang, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Yingshi Zhang, a native and citizen of China, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Afridi v. Gonzales,* 442 F.3d 1212, 1218 (9th Cir.2006). We deny the petition for review in part, grant it in part, and remand for further proceedings.

Reviewing de novo, *id.* at 1215, we conclude that the IJ correctly determined that Zhang's conviction for grand theft over $50,000 in violation of California Penal Code § 487(a), for which he was sentenced to two years imprisonment, constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See United States v. Corona–Sanchez,* 291 F.3d 1201, 1205 (9th Cir.2002) (en banc) (stating generic definition of theft offense); *see also Martinez–Perez v. Gonzales,* 417 F.3d 1022, 1028 (9th Cir.2005) (including plea proceeding transcripts among pertinent documents under the modified categorical approach).

We grant the petition for review with respect to the IJ's determination that Zhang's crimes bar him from withholding of removal because at least one of them is "particularly serious." The IJ's decision did not mention the BIA's controlling precedent, *Matter of Frentescu,* 18 I. & N. Dec. 244 (BIA 1982), and omitted discussion of the most important *Frentescu* factor: "whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Afridi,* 442 F.3d at 1219 (quoting *Frentescu,* 18 I. & N. Dec. at 247). We therefore remand for the BIA to reconsider whether Zhang's crimes bar him from withholding of removal. *See id.* at 1221. Zhang does not challenge the IJ's denial of relief under the Convention Against Torture.

Finally, we reject Zhang's contention that his due process rights were violated by faulty translation at his removal hearing. *See Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

We do not reach Zhang's contentions concerning conditions of his confinement, which are pending in appeal No. 06–16263.

We deny Zhang's motion to submit additional evidence.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**